## American Engineering and Construction Co. v. Kostolnik.

(Decided December 2, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Negligence—Action for Damages for Negligent Injury—Question for Jury.—Appellant company had a track on a trestle above a ditch over which they moved cars containing concrete, so as to dump it at the proper place. Appellee was a laborer working for F. & Co. in the bottom of the ditch below, and while at work a hammer fell on him from the trestle, breaking two of his ribs. Two of appellant's workmen were at the time moving the plank from which the hammer fell. In an action by appellee against appellant for damages for the injury, Held, if the fact be that appellant's workmen were not aware of the presence of the hammer on the plank and had no reason to suspect it was there, they were not negligent in moving it without looking for what they did not suspect and had no reason to suspect. On the other hand, if they knew the hammer was on the plank, or had reason to suspect it was, and attempted to move the plank without first moving the hammer, it was negligence, if the act was such as an ordinarily prudent person similarly situated would not have done; and this was a question for the jury.

EDELEN & DAVIS and O'NEAL & O'NEAL for appellant.

NATHAN KAHN for appellee.

Opinion of the Court by Judge O'Rear—Reversing.

Appellant and Charles F. Fitch & Co. had contracts for constructing a sewer in Louisville. Their contracts were separate. Their work was independent. Appellant was putting in the concrete work. Fitch & Co. were dig-

ging the ditch, and, after the concrete was put in, they filled in the loose dirt so as to cover the sewer. Appellant had a track on trestles above the ditch on which they moved cars containing the raw concrete so as to dump it at the proper places. Appellee was a laborer working for Fitch & Co. He was employed at carpenter work in the bottom of the ditch. While so working a hammer fell from a plank on the trestle over his head, and struck him in the side, breaking two ribs and otherwise injuring him. Two of appellants workmen were at the time moving the plank. It was their hammer which fell, and they had been working with the hammer. But they say that some one, they did not know him, borrowed the hammer from them and took it away. They left their place of work for a few minutes to get some bolts. While they were gone the hammer was returned, and laid on top of the plank. They did not know that it had been returned. They were working below the plank. When they went to move it they reached up, and undertook to push it along, and take it down when the hammer rolled off. They could not see the hammer from their position. Such is their testimony.

One witness for appellee testified as follows:

"Well, these gentlemen were working overhauling the overhead trestle; the tool (s) was up on top of the plank about middle ways of the board. They was shoving the plank along, a man on each side; as they overhauled the track; got down on each side of the track and shoved it along. They had a hammer about middle ways of the board that way, each man got on each side as they went to shove the plank. They shoved the plank that way, and the hammer tilted off and dropped."

This suit was brought by appellee against both companies named above, charging that the hammer fell because of the negligence of the workmen of appellant. Fitch & Co. went out on a peremptory instruction because the evidence failed to show they or their workmen had any control over the plank that was being moved, or of the hammer that fell. The case was submitted to the jury under instructions allowing them to find against appellant if its workmen failed to use ordinary care to prevent and avoid causing or suffering the hammer to fall on plaintiff.

If the fact be that appellant's workmen were not aware of the presence of the hammer on the plank, and had no reason to suppose it was there, they were not

negligent in moving it without looking for what they did not suspect and had no reason to suspect. The jury should have been told so.

On the other hand, if they knew the hammer was on the plank, or had reason to suspect it was, and attempted to move the plank without moving the hammer, it was negligence if the act was such as an ordinarily prudent person similarly situated would not have done. The testimony quoted tends to show that they knew the hammer was there. Therefore the question was for the jury. But the instructions failed to submit whether the hammer was placed there by some third person without their knowledge. In such event, the falling of the hammer so far as appellant was concerned, was not caused by the negligent act of its laborers unless in law they were bound to examine the plank before moving it to see whether some one having no connection with their work had laid on the plank some dangerous instrument without their knowledge. That would be more than ordinary care. It would be extraordinary, and make appellant insurers of the result of its laborers conduct, even as to matters beyond the ordinary course of reasonably prudent and watchful workmen.

For these reasons the judgment is reversed, and cause remanded for a new trial under proceedings consistent herewith.