## Greene v. Burns.

(Decided March 11, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Personal Injury—Action for Damages—Peremptory Instruction.— Plaintiff. while examining an extension table in defendant's store, claims that defendant's clerk closed the table and injured her thumb. She failed to testify that the clerk knew, or to any facts from which it could be reasonably inferred that he knew, or by the exercise or ordinary care could have known, that her hand was in a position to be injured when the table was closed. Held, that in the absence of such evidence there was nothing to show negligence on the part of the employe, and the trial court should have awarded defendant a peremptory instruction.

JACOB SALINGER for appellants.

EDWARDS, OGDEN & PEAK for appellee.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Reversing.

Appellee, Annie Burns, brought this action against appellant, James Greene, to recover damages for personal injuries alleged to have been received through the negligence of one of appellant's servants. The jury awarded her $400. From the judgment based thereon, this appeal is prosecuted.

Appellant insists that the court erred in failing to award him a peremptory instruction.

Appellee testified that she went into Greene's store in company with a clerk by the name of McMeekin. He took her up on the elevator to the third floor, where he showed her some extension tables. She told him that Mr. Greene had said he had an extension table which sold at $20 that he would let her have for $14. McMeekin said he would show her those tables. He walked over and exhibited a common table and opened it. She informed him that she did not like that one, inquired as to the price of another table, and was informed that it was $20. She then describes the accident in the following language: "He opened up the table to show me a spring or lock or something in there. It seemed like a spring or something under the table. I had my hand on the table, and looked under it. I had my hand on the table with my thumb down in the open part. He says, 'I advise you to take this table, it is a good oak table and will match your sideboard.' I took a look at it, laid my hand on the table, and looked down under it, and the next thing I knew he closed the table. I hollooed Oh, Oh! and looked right at Mr. McMeekin and Mr. McMeekin looked at me and looked excited. His face was real red and he had his hands on the table. I showed him my thumb and I said, 'That has ruined my hand.' Then he went back to the other table, it seemed like he was in such a hurry to tell me about the other table, and commenced talking about the other table," etc., etc. She further testified that the table on which her thumb was injured was a round, pedestal table, and was not open at the time McMeekin first showed it to her. While appellee testified that McMeekin closed the table, she failed to say that she saw him close it.

Appellee's daughter, Annie Burns, a child nine years of age, testified that she accompanied her mother to appellant's place of business on the occasion in question. When her mother was looking under the table McMeekin touched the table and hurt her mother's hand. On cross-

examination she stated that she was standing between McMeekin and her mother, and McMeekin was at her back.

Assuming that the evidence shows that appellee's thumb was injured by the table's being closed, and that McMeekin closed the table, is that sufficient to justify the submission of the case to the jury? There is nothing in the evidence to warrant the assumption that the table automatically closed itself; therefore, it can not be said that the table itself was dangerous. It may be conceded that McMeekin, in displaying the table and in opening and closing it, was bound to exercise ordinary care not to injure appellee. Appellee did not testify that McMeekin knew that her thumb was between the leaves of the table, or to any fact from which it could be reasonably inferred either that he knew, or by the exercise of ordinary care could have known, that such was the case. To sustain the charge of negligence, it was absolutely necessary to show that one of these states of fact existed; mere proof of the fact that the table was closed and appellee's hand was hurt, is not sufficient. As appellee's evidence, considered in the most favorable light to her, did not go any further than this, we conclude that the court erred in refusing the peremptory instruction requested by appellant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.