## Louisville Ry. Co. v. Lowe.

Nov. 14, 1939.

John E. Tarrant and Bruce & Bullitt for appellant.

Robert Hubbard for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The Louisville Railway Company is appealing from

a judgment on a verdict wherein Mrs. Mary Lowe, the appellee, was awarded the sum of $900 in damages for an injury she received as she was alighting from one of the Company's street cars. Reversal is urged upon the following grounds: (1) The trial court should have set aside the verdict as flagrantly against the evidence because it was based solely upon the interested testimony of the plaintiff which was (1) contrary to the physical facts, (2) self-contradictory and (3) squarely contradicted by the disinterested testimony of the other witnesses; and (2) the instruction erroneously authorized a recovery against the Railway if the step came up while Mrs. Lowe was alighting even though the motorman did not raise it.

Mrs. Lowe's version of the accident is as follows:

"Q. 26. Now, Mrs. Lowe, please turn and face the jury and tell them in your own way, just what happened. A. Well, I got on at Brandeis and rode up to Breckinridge—Fourth and Breckinridge—and then went to get off; a man got off ahead of me, and I followed him right on out; took hold of this rod—I always do; come out on my right foot, and when I set my left foot down, that is when I fell down—the step caught me there, and I was wedged fast there until I was helped out.

"27. Mrs. Lowe, with which hand did you take hold of this rod? A. The right one.

"28. And where did you put your right foot? A. At the edge of the platform.

"29. Now, could you see the doors as you put your left foot down? A. No sir; my back was to them.

"30. Your back was to them? A. My back was to them.

"31. You don't know whether or not they closed or stayed open, do you? A. No sir; I don't."

On cross examination Mrs. Lowe said that she fell on the step; that she did not turn loose of the iron rail; and that so far as she knew the doors did not close. The only injury she received was a sprained left knee. There were no bruises or abrasions on her left ankle or foot.

According to the Company's version of the accident,

the car was standing still when the accident occurred. Both doors were standing open; the step was down flat and it did not fly up at all as Mrs. Lowe was alighting. It is the contention of the Company that the step can not move upward unless the doors close. The motorman and two other witnesses testified that as Mrs. Lowe stepped from the platform, her limbs gave way and she slumped down on the step. One of the disinterested witnesses said that he was watching Mrs. Lowe as she got off the car. The other said that his attention was attracted to her because a lady on the street "hollered" as Mrs. Lowe was leaving the car. This witness said that she slumped down on the steps just as he looked around.

In support of its contention that Mrs. Lowe's testimony that the step was raised as she was alighting from the car is contrary to the physical facts, the appellant cites the case of Louisville & Nashville Railroad Company v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 471. In that case the plaintiff testified that she was thrown over the foot of the bed in which she was sleeping on to a rocking chair and thereby injured when a box car crashed into the fence 19 feet in front of the house. The car did not touch the house. Clearly that was a case where the physical facts were such as to demonstrate that the plaintiff's evidence was untrue. We have no such situation in the case at bar.

It is also insisted that Mrs. Lowe's testimony is self-contradictory, and that it must therefore be discounted. We have examined her testimony carefully and are of the opinion that there is no basis for this contention. She said that the step caught her foot and that she fell down on the step. This could have happened. She also said that she did not know whether the doors closed as the step came up. The motorman said that her left shoulder was facing the front or entrance door, and that she could not have seen the doors "unless she had turned her head around." A slight movement of the lever controlling the movement of the step and the doors could have caused the step to raise sufficiently to catch Mrs. Lowe's foot and still not cause the doors to close completely; and such a movement of the lever in another direction could have caused the step to go down and the doors to open wide. The jury had before it, of course, the testimony for the appellant that the

step remained down and the doors remained open as Mrs. Lowe was alighting from the car.

As indicated, there is sharp conflict in the testimony, that of Mrs. Lowe standing alone against that of three witnesses for the appellant, one of them being the motorman, but, as we have frequently said, the credibility of witnesses is for the jury. Nor will we direct a new trial simply because we may think that the verdict is against the weight of the evidence. A new trial will be directed only where the verdict is palpably and flagrantly against the evidence. Smith v. Dunning, 275 Ky. 733, 122 S. W. (2d) 781, and cases cited therein. It follows from what has been said that we are of the opinion that there was sufficient evidence to warrant the submission of the case to the jury.

It is contended that, since Mrs. Lowe alleged specifically that it was through the negligence of the motorman that her foot was caught, she can not recover on any other ground. It is insisted that the instruction should have provided that Mrs. Lowe could not recover unless "the *motorman closed* the door and lifted the step so as to catch her foot and ankle," instead of providing that she could recover "if the step on defendant's street car *was lifted* as plaintiff was alighting from said street car, and plaintiff's foot was thereby caught."

In the case of Beckwith v. Louisville Railway Company, 276 Ky. 499, 124 S. W. (2d) 737, which is cited by the Company, the allegation in the petition dealt specifically with the maintenance of the step of a trolley coach. It was contended that the rubber covering on the step was of such character and construction as to make it an unsafe appliance. We said in that case that, where a petition sets out in specific detail the acts of negligence on which a recovery is sought, the complainant can not introduce evidence of other or different acts of negligence. According to the proof in the case before us, one lever, which was operated by the motorman, controlled the simultaneous movement of the step and the doors. He said that the step was down and the doors were open while Mrs. Lowe was leaving the car. The testimony of two other witnesses supported his version of the accident. Mrs. Lowe said the step came up and caught her foot. In view of the evidence in the case we are unable to see how the jury could have been misled by the instruction given.

Judgment affirmed.