# Vale v. Illinois Pipe Line Co.

Dec. 13, 1939.

Marshall Funk for appellant.

Harlin & Coleman and Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Fred Vale, who was the plaintiff below, is appealing from a judgment on a verdict in favor of the appellee, Illinois Pipe Line Company. The controversy involves a collision between a truck belonging to the appellant and driven by Ellis Joiner and one belonging to the appellee and driven by M. H. Sublett. The jury found that Joiner was negligent. Vale's petition was dismissed.

The collision occurred shortly after two o'clock in the afternoon of October 21, 1937, about four miles west of Bowling Green on the Morgantown road. Two of the appellee's trucks, the rear one being driven by Sublett, were proceeding toward Morgantown. The truck driven by Joiner, who was also going in the direction of Morgantown, collided with the rear of the truck driven by Sublett as the trucks were about the middle of a hill.

According to the appellant's version of the accident, the driver of the first of the appellee's trucks either slowed down to shift gears, or entirely stopped for that purpose, and Sublett brought his truck to a stop some 10 to 20 feet behind the first one. Joiner stopped his truck about 8 or 10 feet in the rear of Sublett's truck. The motor of Joiner's truck died, and it failed to start when he stepped on the starter. He looked to the rear, through the rear view mirror, with the thought of releasing his brake and letting his truck roll down the hill to start the motor. While he was looking to the rear Sublett's truck backed into him, knocking his truck down the hill some 10 feet. The headlights of Joiner's truck were broken. Glass and mud were found under the Sublett truck. The foregoing represents in summary form Joiner's testimony as to the collision. It is corroborated by two other witnesses.

The appellee's version of the accident was given mainly by Sublett, though the driver of the first truck corroborated his statements as to the slowing down of his truck. According to this version, the first truck slowed down as it was nearing the top of the hill. Sublett sensed the difficulty the driver of the first truck was having and he slowed his truck down to two or three miles per hour and finally came to a stop. He looked into his rear vision mirror in order to determine whether there was anyone behind him before stopping. Just as Sublett was starting to proceed up the hill after a short wait, his truck was struck from the rear by the one

driven by Joiner. He testified also that immediately after the collision Joiner admitted that he was in fault.

Reversal is urged upon four grounds. They are: (1) the verdict is not sustained by the evidence; (2) the court erred in refusing to admit certain evidence on cross examination which was calculated to show bias on the part of Sublett; (3) the court erred in admitting statements reputedly made by Joiner as to how the accident occurred; and (4) the court erred in refusing to give an instruction to the effect that it was the duty of the driver of the appellee's truck to signal his intention to stop on the highway before doing so.

It is insisted that the preponderance of the evidence was in favor of the appellant's theory of the collision, and that the evidence does not sustain the verdict. With this contention we can not agree. The credibility of witnesses is for the jury. We have frequently held that the sufficiency of the evidence is not to be determined by the number of witnesses, since the jury has the right to give credence to the testimony of one witness over that of others. Smith v. Ferguson, 256 Ky. 545, 76 S. W. (2d) 606; Louisville & Nashville Railroad Company v. Curtis' Adm'r, 233 Ky. 276, 25 S. W. (2d) 398; Old Colony Trust & Savings Bank v. Sherill-King Mill & Lumber Company, 188 Ky. 177, 221 S. W. 520. See, also, Louisville Railway Company v. Lowe, 280 Ky. 465, 133 S. W. (2d) 742. There was sharp conflict in the evidence in the case before us as to how the collision happened, and it was for the jury to determine which version to accept. It is not our view that the verdict was flagrantly against the weight of the evidence.

Sublett was asked the following question on cross examination:

"Is it not true that when you get involved in an accident, if it develops to be your fault, it hurts your standing with the company as an employee?"

The objection of appellee's counsel to this question was sustained. The record shows further that appellee's counsel moved to discharge the jury, which motion was overruled. Counsel for the appellant insists that this Court has adopted a liberal rule in permitting questions on cross examination to show bias on the part of a witness and cases are cited in support of this contention. We do not deem it necessary, however, to determine whether or not the question was a proper one, in view of

4

the fact that the record does not show that an exception was saved when the objection to the question was sustained. Nor is there any avowal as to what the witness would have said had he been permitted to answer the question. Globe Indemnity Company v. Daviess, 251 Ky. 442, 65 S. W. (2d) 456; Ray's Adm'r v. Standard Oil Company, 250 Ky. 111, 61 S. W. (2d) 1067. It follows that there is no basis for this contention.

The appellant insists that the court erred in allowing Sublett to testify as to what Joiner said to him immediately after the accident. On direct examination Joiner testified that after the collision,

"I got out and asked the man, 'Are you hurt?' He says, 'No, it just jarred my neck up just a little bit.' He says, 'I didn't know there was anybody behind me.'"

Sublett's testimony on this point is as follows:

"A. As soon as it hit me and I kind of got over the jar it gave me, I put my truck in extra low gear and put the emergency brake on and turned the switch key and opened the door to get out, and he come running around the truck there and says, 'Mister, are you hurt?' I says, 'No. What happened?' He says, 'I just rammed right into the back end of you, is all!' I says, 'What's the matter—haven't you got no brakes?' He says, 'Yes, I got brakes, but I don't know—I just rammed into the back end of you.' I says, 'Did it hurt you?' He says, 'No.' I says, 'Did it hurt your truck?' He says, 'I don't care nothing about that, just so you are not hurt.' * * *"

This testimony was clearly admissible as part of the res gestæ. Consolidated Coach Corporation v. Earls' Adm'r, 263 Ky. 814, 94 S. W. (2d) 6; Sparks Bus Line v. Spears, 276 Ky. 600, 124 S. W. (2d) 1031.

We turn now to appellant's contention that the court should have given an instruction to the effect that it was Sublett's duty to signal his intention to stop on the highway before so doing. We fail to find any basis for this contention, because Joiner testified that he saw that the two trucks ahead of him were having difficulty in going up the hill, and that he stopped some eight or ten feet behind the rear one. Sublett testified that he looked to the rear, through the rear view mirror, before

he brought his truck to a stop, but saw no one approaching. Joiner did not attempt to say that the collision was brought about by Sublett's failure to signal his intention to stop. It is our conclusion that the instructions given by the trial court were in no way prejudicial to the appellant.

Wherefore, for the reasons given herein, the judgment should be and it is affirmed.