## Farley v. Commonwealth.

April 23, 1940.

J. S. Forester, Special Judge.

Rose & Rose for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Nobe Farley, Jim Gilbert and "Little Doc" Farley, a brother of Nobe, were indicted for the murder of Floyd Webb. Nobe Farley and Webb engaged in a shooting encounter at the back of a restaurant near Evarts on the night of July 23, 1938. Webb was paralyzed from the waist down from a bullet wound he received in the encounter. He died some seven months later. The jury acquitted Gilbert and "Little Doc" Farley and sentenced Nobe to 10 years in the State Reformatory. This appeal is being prosecuted from a judgment on that verdict.

Reversal is urged upon the grounds that (1) incompetent evidence was admitted; (2) the verdict is palpably and flagrantly against the evidence; and (3) the jury was erroneously instructed.

Webb was drinking and was carrying a pistol on the night he was shot. He was in the restaurant around ten p. m. At that time he pointed his pistol at "Little Doc" Farley and others. The gun was taken away from him, but was given back to him when he said he would go home, according to testimony for the appellant. John Short, a witness for the Commonwealth, was with Webb. Short and Webb left the restaurant and went to Webb's home, but Webb came back in 30 or 40 minutes to get his automobile, according to testimony for the Commonwealth. Nobe Farley was not in the restaurant when

Webb was first there, but was present when he returned. According to testimony for the appellant, Webb again threatened to kill "Little Doc" Farley. He left the building by the back door several minutes later. The three parties indicted and others soon followed him.

The appellant's version of the shooting is that someone called to him to "Look out," and about that time Webb fired at him twice; one shot striking him, and then he fired at Webb. The Commonwealth's version is that Webb left the restaurant shortly after he re-entered it; Nobe Farley followed him out and shot him in the back; and that Webb's shots at Farley were fired after he was shot and had fallen to the road.

There were more witnesses who testified as to the appellant's version of the shooting than did as to the Commonwealth's version, but we have frequently said that the weight of the evidence is not to be determined by the number of witnesses. Vale v. Illinois Pipe Line Company, 281 Ky. 1, 134 S. W. (2d) 940. Furthermore, the credibility of the witnesses is for the jury. Howard v. Commonwealth, 282 Ky. 663, 139 S. W. (2d) 742, and Decker v. Commonwealth, 278 Ky. 145, 128 S. W. (2d) 600. The appellant cites the case of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, in which the scintilla rule of evidence was modified, in connection with the question as to the verdict being against the evidence. Even if the scintilla rule was applicable, we are of the opinion that the evidence for the Commonwealth was ample to warrant the submission of the case to the jury. This disposes of the appellant's second contention.

The first contention relates to the evidence of Howard Middleton, who was permitted to testify as to a dying declaration of Webb. Middleton testified that Webb told him a few days before his death about the shooting. Middleton said Webb told him that he had no hope of recovery and that he was going to die. According to this statement Webb was on his way home when Nobe Farley and the others followed him out of the restaurant and Nobe shot him; that he (Webb) did not begin shooting until he fell; that he was backed up to his car and "he was begging to them all the time"; and that as he turned to get in his car Nobe shot him. The appellant objects to the manner in which this testimony was given

and he insists also that it does not meet the requirement of a dying declaration. We have noted that Middleton said that Webb told him that he was about to die and had no hope of recovery; he had been paralyzed from the waist down for several months. This evidence, in our opinion, was competent. Daughters v. Commonwealth, 255 Ky. 172, 73 S. W. (2d) 10, 94 A. L. R. 673.

The last contention is that the trial judge erred in instructing the jury. It is first insisted that the overruling of the motion for a directed verdict in favor of Gilbert and "Little Doc" Farley and instructing the jury as to self defense as to them was prejudicial to appellant. It is insisted that this caused the jury to believe that the trial judge thought there was some evidence as to the cooperation of the two parties who were acquitted with the appellant. There was some evidence that Gilbert and "Little Doc" Farley left the restaurant with Nobe and that they were cooperating with him against Webb. Under the circumstances the jury could have found all three of the parties guilty. We find no basis for this complaint. The next criticism of the instruction is as to the definition of "malice aforethought." It is insisted that "justification" rather than "legal excuse" should have been used in the definition. In the case of Patton v. Commonwealth, 235 Ky. 845, 32 S. W. (2d) 405, 407, "malice aforethought" was defined as "a predetermination to do the act of killing, without legal excuse, and it is immaterial how suddenly or recently before the killing such determination was formed." Further, the appellant was convicted of manslaughter—not murder—so he would not have been prejudiced by the instruction complained of, even if it had been erroneous.

Judgment affirmed.