# Hale et al. v. Commonwealth.

Oct. 1, 1940.

Charles L. Seale, Judge.

J. M. Wolfinbarger for appellants.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Millard Hale and his son, Turner, were convicted in March, 1940, of the crime of maliciously cutting and wounding Simpson Fike. The penalty of each was fixed at three years in the State Reformatory. They are appealing.

The affray in which Fike was wounded took place early in the evening of October 9, 1939. There seems to have been a previous difficulty between Fike and the elder Hale, which grew out of Fike's giving whiskey to Turner. Fike went to church around seven o'clock. The Hales went to the church shortly thereafter, and at least Millard Hale went inside and sat down behind Fike. Fike seems to have left the church first. Before he left the church premises in the company of two or three other parties, some words passed between him and Turner. Within a few minutes the Hales followed in the same direction, which was the direction of their home. From this point there is considerable conflict in the evidence.

The Commonwealth's version, about which there is some dispute, is that the Hales overtook Fike as he was going down the road and began to cut him. Fike

testified that Millard Hale cut him first with a butcher knife. One witness for the Commonwealth testified, however, that a difficulty arose between Turner Hale and Fike, and that Millard Hale then entered the affray. The Hales' version of the incident is that they left the church premises on their way home about five minutes after Fike had gone; that they came upon Fike and some other parties sitting on the porch of a store; that Fike jumped on Turner Hale and began to cut him with a knife; and that Millard Hale then entered the affray, during which Turner Hale admits that he cut Fike, and during which rocks were thrown by some of the parties. The fight broke up when Fike ran up the road with Turner Hale after him. He ran into a nearby house, and one witness testified that Turner said, bring him out and he would kill him.

Millard Hale denied that he had a knife and testified that his butcher knife had been lost for three or four weeks, and that the butcher knife presented during the trial was not his. He said that his knife had a gap near the end of the blade. The one presented at the trial had no such gap. There is some showing, however, that the knife presented at the trial had had a gap ground out of it.

Reversal is urged upon the grounds that the verdict is not supported by the evidence and was reached as the result of passion and prejudice on the part of the jury, and newly discovered evidence. The first ground was not included in the motion and grounds for a new trial. However, as indicated above, while there is considerable conflict in the evidence, we are convinced that there was sufficient evidence to take the case to the jury, and, as we have frequently pointed out, the credibility of the witnesses was for the jury. Decker v. Commonwealth, 278 Ky. 145, 128 S. W. (2d) 600; Howard v. Commonwealth, 282 Ky. 663, 139 S. W. (2d) 742; Farley v. Commonwealth, 282 Ky. 668, 139 S. W. (2d) 745; Combs v. Commonwealth, ——Ky. ——, —— S. W. (2d) ——, decided September 24, 1940. Furthermore, there is no proof of passion and prejudice on the part of the jury toward the Hales.

From our examination of the record we are convinced that, even if the alleged newly discovered evidence be accepted as material, there was no showing of due diligence on the part of the appellants in the

preparation of their case. Subsection 6, section 271 of the Criminal Code of Practice, and cases annotated thereunder. They were indicted in October, 1939, and were not tried until February, 1940. The parties whose affidavits are offered lived in the vicinity of the Hales, and there is no showing that any of them would not have been available for the trial.

One phase of the alleged newly discovered evidence was that Corwin Vanatta, who operated a store near the place where the Hales lived, said that Fike was at his store around four o'clock in the afternoon of the fight; that he had a butcher knife in his pocket; and that he had examined the knife presented at the trial and it seemed to be about the same length and the same kind of knife that Fike had in his pocket. The time referred to by Vanatta was some three or four hours before the fight in which Fike was wounded. As indicated, even if the evidence be considered material, there is no showing whatever that Vanatta could not have been present at the trial.

Another phase of the alleged newly discovered evidence was that J. E. Broaddus, for whom Millard Hale worked from time to time, said that he had been in the Hale home on numerous occasions and that the butcher knife presented at the trial was not the Hale knife. Since Millard Hale took the position on the trial that he did not have a knife during the fight, and that his butcher knife was lost, we fail to see why he could not have presented Broaddus as a witness at the trial.

The remaining bit of alleged newly discovered evidence was referred to in the joint affidavit of J. E. Broaddus, Opal Broaddus and V. V. Newton. These parties said that they saw the Hales the morning after the fight, and that both of them had knife wounds on their heads and arms. This evidence was merely cumulative because there was testimony for the Hales, in addition to their own, that they had knife wounds on their bodies when they were lodged in jail shortly after the fight. Officers who arrested the Hales said that there were no knife wounds on them, but that they had a few skinned places on their bodies.

Finding no error prejudicial to appellants' substantial rights, the judgment is affirmed.