## Blakemore v. Commonwealth.

Oct. 15, 1940.

Joe L. Price, Judge.

Roy Holman for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Charley Blakemore, a negro, was convicted of the crime of robbing G. W. Jones, a white man, and his punishment was fixed at four years in the State penitentiary. He is appealing.

Since the only ground urged for reversal is that a peremptory instruction should have been given in favor of Blakemore, it becomes necessary to summarize briefly the evidence.

Jones spent several hours in a negro district in Paducah, known as "900," on the night of June 24, 1939. He was drinking. He testified that he had been at a place known as Thompson's store and had gone from there across the street to a negro restaurant to get a hogshead sandwich; that the restaurant was closed, and as he came back across the street Blakemore stopped him and asked him for a dime with which to get a drink;

that after giving him a dime Blakemore asked for a quarter more to get him a half pint or a pint; that at about that time Blakemore struck him on the shoulder and he staggered back between two buildings; that Blakemore hit him again, knocking him to the ground, then jumped on him and choked him; that Blakemore then took his pocket book which had $65 in it. Jones denied saying anything to Blakemore about a girl. Jones admitted that he first identified another person as the one who robbed him, stating that he did so because he thought "he was in the bunch." Later, however, he identified Blakemore, as the person who committed the robbery.

There is no dispute that Blakemore and Jones were together at about the time of the alleged robbery (midnight), but, as will hereinafter be noted, Blakemore's version of the incident is in sharp conflict with that of Jones. A part of Jones' version is supported by the testimony of LeRoy Dunlap, a negro. Dunlap testified on direct examination that he was sitting on his porch near the scene of the difficulty; that Blakemore asked Jones to buy him a drink of whisky; that Jones gave him some money; that Blakemore then walked off a few steps and called to Jones; that the two of them then went between the houses; and that Blakemore came back first and in a few minutes Jones came back and asked which way "that man" went, and said that he had taken some money from him.

Blakemore's testimony as to the incidents leading up to the time of the alleged robbery is supported in the main by the testimony of defense witnesses, as well as a part of that given by Dunlap on cross examination. Briefly, the appellant's version is as follows: Jones had spent several hours in the "900" district. He was drunk. He approached more than one party and asked them to get him a colored girl; that he approached Blakemore near Dunlap's home and made the same inquiry of him; that he, Blakemore, started between the houses; that Jones called to him to wait and asked him if he wanted a drink of whisky, and again broached the subject of a girl; that Jones put his hand in his pocket and called him a "damn lie"; and that he hit Jones and then walked out to the street. Blakemore denied robbing Jones. Dunlap's testimony on cross examination supported that of Blakemore as to the inquiries made of

him by Jones. He also testified that Jones had a knife and that Blakemore struck the first blow.

It can be seen from the foregoing that there is sharp conflict in the evidence as to the events immediately before the alleged robbery. True it is that Jones is the only witness who testified that Blakemore took money from him, but there is no dispute that the parties were together at about the time and place of the alleged crime. It is within the province of the jury to weigh the evidence and to determine the credibility of the witnesses. Decker v. Commonwealth, 278 Ky. 145, 128 S. W. (2d) 600; Howard v. Commonwealth, 282 Ky. 663, 139 S. W. (2d) 742; Farley v. Commonwealth, 282 Ky. 668, 139 S. W. (2d) 745; Combs v. Commonwealth, 284 Ky. 546, 145 S. W. (2d) 36, decided Sept. 24, 1940; and Hale et al. v. Commonwealth, 283 Ky. 841, 143 S. W. (2d) 720. We can not escape the conclusion that there was sufficient evidence to warrant the submission of the case to the jury. Tussey v. Commonwealth, 241 Ky. 91, 43 S. W. (2d) 351; Roaden v. Commonwealth, 248 Ky. 154, 58 S. W. (2d) 364.

Judgment affirmed.