## Griffin v. Louisville Taxicab & Transfer Co.

June 19, 1945.

Julius Leibson for appellant.

Robert L. Page for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appeal is from a directed verdict in favor of the Louisville Taxicab & Transfer Company at the conclusion of the evidence offered by the appellant, Lawrence William Griffin. Griffin's position is that his case should have been submitted to the jury.

The action is based upon the charge that one of the appellee's employees, not the driver of the cab, closed the door of a cab on Griffin's right hand as he was entering it. Griffin, a member of the armed forces, who was receiving treatment to a finger on his left hand in an Army hospital, said that as he was entering the rear seat of a cab in front of the hospital he attempted to shield his left hand, and in so doing placed his right hand on the door facing in order to steady himself, and while in this position a taxi driver, who was assisting passengers enter the cab, slammed the door on his hand. The employee who closed the door said that this was not one of his duties, but that he had been instructed to do so as a matter of courtesy to the passengers.

The trial court relied upon the case of Greene v. Burns, 142 Ky. 710, 134 S. W. 1134, in directing a verdict in favor of the Company. In that case a salesman of the Greene Furniture Company closed an extension table on a customer's hand while he was showing her the manner in which the table operated. While the customer was in a stooped position looking under the table she placed her hand in the opening and the salesman closed the table. The Company was not held liable because the injured person failed to allege and prove that the salesman at the time he closed the table knew, or by the exercise of ordinary care could have known, that her hand was in the opening. We do not believe the Greene case to be controlling here. In the case at bar we are dealing with a common carrier who owes the highest degree of care which prudent persons engaged in a similar business would be called upon to exercise for the safety of their passengers. Louisville Railway Co. v. Wilder, 143 Ky. 436, 136 S. W. 892. Ordinary care is the test applicable to cases such as the Greene case, supra. Nor was it shown in that case that the salesman knew or could have known by the exercise of ordinary care that his customer had placed her hand in the opening in the table top. In the case at bar the plaintiff's proof shows that an employee of the Company was assisting pas-

sengers to enter the cab. As a general rule, employees of common carriers are under no legal duty to assist passengers on and off their vehicles, Louisville & N. R. Co. v. Bowman, 208 Ky. 39, 270 S. W. 471; but in the instant case the employee said that he was instructed to assist passengers entering cabs. We have noted however, that he qualified his statement by saying that he had been instructed to perform this act as a matter of courtesy to the passengers. We do not think, however, that this alters the situation. The employee was attempting to render a service to the passengers of the Company, and when he undertook such a performance it was his duty to exercise the highest degree of care to avoid injuring them.

The appellant stresses the case of Louisville Ry. Co. v. Lowe, 280 Ky. 465, 133 S. W. 2d 742. Mrs. Lowe's foot was caught in a step as she was alighting from a streetcar. The step was operated by the motorman through the use of a lever which was under his exclusive control. The Company seeks to distinguish that case on the ground that Mrs. Lowe's injury was caused by the act of the employee who was in charge of the car, while Griffin's injury was caused by an act of an employee other than the driver of the cab which he was entering. We fail to see the basis for this distinction, because it was through the negligence of one of the Company's employees, who was acting under its instructions, that Griffin's injuries were brought about. The mere fact that he was not in charge of the cab would not excuse the Company from liability.

Under the circumstances, we think the judgment should be and it is reversed, with directions to overrule the motion for a peremptory instruction, and for proceedings consistent with this opinion.