Clifford STALLARD et al., Appellants,

v.

Harriet WITHERSPOON, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1957.

J. L. Richardson, Jr., W. A. Stephenson, Louisville, for appellants.

Julius Leibson, Louisville, for appellee.

WADDILL, Commissioner.

A jury awarded Mrs. Harriet Witherspoon damages in the sum of $2,500 for an injury she sustained as a result of the negligence of the driver of appellants' taxicab. She also recovered $543.85 to reimburse her for payment of certain expenses incurred in the care and treatment of her injury. From a judgment entered accordingly, a reversal is sought by the driver and the owners of the cab on the following grounds: (1) The court erred in overruling their motion for continuance; (2) appellee, Mrs. Witherspoon, was guilty of contributory negligence as a matter of law; (3) the driver of the cab was not guilty of negligence as a matter of law; and, (4) the verdict is excessive.

On December 7, 1955, pursuant to an agreement between the parties, the case was set for trial on February 6, 1956. On the morning of February 6th, Mr. W. A. Stephenson, an attorney who is associated in the practice of law with Mr. J. L. Richardson, Jr., filed his affidavit that the cab company's attorney, Mr. Richardson, was unable to be present due to his participation in the trial of another case in another court. Mr. Julius Leibson, who represented Mrs. Witherspoon, objected to the continuance, and filed his affidavit which stated that he and Mr. Richardson had discussed a possible settlement of Mrs. Witherspoon's case on Saturday, February 4, 1956, and that Mr. Richardson had not indicated he would seek a continuance.

The motion for continuance was overruled, and the court proceeded with the trial after Mr. Stephenson had been given an opportunity to prepare his defense to the suit. The trial court has a broad discretion in granting or overruling a motion for continuance and this Court will not interfere in the exercise of that discretion unless it is clearly abused. Riordan v. Riordan, Ky., 252 S.W.2d 901; Farris v. Evans, 289 Ky. 418, 158 S.W.2d 941. Although the trial court may have been justified in granting the continuance, yet we believe that under the circumstances here shown there was no abuse of discretion in overruling the motion.

The contention that Mrs. Witherspoon was guilty of contributory negligence as a matter of law necessitates a review of the essential facts in the case. On the day of the accident, Mrs. Witherspoon and a woman companion had notified appellants' taxicab to pick them up at a location on Fourth Street in the city of Louisville. Mrs. Witherspoon is a 65-year old diabetic with her right leg off above the knee. When appellants' cab arrived, Mrs. Witherspoon and her companion both state, the driver of the cab opened the front and rear doors of the taxi and pulled Mrs. Witherspoon's wheel chair close to the cab, then helped her out of the wheel chair, and left her standing on her left leg causing her to support herself by holding onto the center post which separates the front and rear doors of the cab. The driver of the cab left her standing in that position while he assisted her companion into the rear seat. The driver then shut the rear door causing Mrs. Witherspoon's left thumb to be mashed between the center post and the hinge of the rear door of the cab. She cried out and the driver immediately opened the door.

The driver of the cab testified that Mrs. Witherspoon "scooted" into the front seat of the cab while he was busy assisting her companion into the rear seat. His testimony in other respects was very similar to that given by Mrs. Witherspoon.

Under the facts and circumstances presented Mrs. Witherspoon was not guilty of negligence as a matter of law. Since it appears that the court submitted the question of her negligence to the jury under a correct instruction, we find no error on this phase of the case. Griffin v. Louisville Taxicab & Transfer Co., 300 Ky. 279, 188 S.W.2d 449; Consolidated Products Co. v. Jackson, 308 Ky. 718, 215 S.W. 2d 834.

Appellants insist that the proof failed to establish negligence on the part of the cab driver as a matter of law. Apparently appellants have failed to realize that when they accepted Mrs. Witherspoon as a passenger, it was the duty of the driver of the cab to exercise the highest degree of care to avoid injuring her. Griffin v. Louisville Taxicab & Transfer Co., 300 Ky. 279, 188 S.W.2d 449; Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S.W.2d 93. When this rule of law is applied to the facts in this case, we think the court correctly instructed the jury to the effect that the negligence of the driver of the cab had been established.

It is urged that the verdict is so plainly excessive that it appears at first blush to be the result of passion, prejudice and sympathy on the part of the jury. Three doctors testified that the injury had not healed and the thumb was stiff and permanently injured. They stated that an injury of this character would cause considerable pain and suffering and that Mrs. Witherspoon would be hampered in the use of her crutches. Their testimony further indicates that the healing of the injury will be retarded by her diabetic condition. Consequently, we have reached the conclusion that the medical proof adequately supports the jury's award of damages.

Judgment affirmed.