Bob **BOWLIN**, Appellant,

v.

**GENERAL TIRE & RUBBER COMPANY and Story Construction Company, Appellees.**

Court of Appeals of Kentucky.

Oct. 10, 1969.

Reed, Scent & Reed, Robert B. Reed, Donald S. Muir, Paducah, for appellant.

Burke B. Terrell, Terrell, Schultzman & Hardy, Charles Williams, Henry Whitlow, Paducah, for appellees.

JOHN P. LAIR, Special Commissioner.

This is an appeal from a judgment in favor of the appellee, General Tire & Rubber Company, based upon a directed verdict by the trial court.

The appellee, Story Construction Company, was brought into the case by General Tire & Rubber Company as a third-party defendant by reason of an alleged contract to indemnify General against any recovery by Bowlin, the appellant. The court ruled prior to the jury trial that the contractual claim against Story by General was reserved for trial before the court at a later date and was not to be a part of the jury trial.

Appellant, Bowlin, an experienced iron-worker, worked for Story which was doing certain work in General's plant in Mayfield, Kentucky. While under the direct supervision of Barrett, Story's foreman, Bowlin suffered the injury to his foot complained of herein.

Ross, a department foreman of General, told Barrett that tires were hanging on the conveyor belt which Story had installed some months previously and Ross asked Barrett if this problem could be corrected. Barrett replied that it probably could. Barrett testified that without discussing the matter with anyone else affiliated with General he undertook to make certain adjustments in the conveyor. This conveyor consisted of a pair of belts working together, the total length of the two

being just over 200 feet. With the exception of a discussion between Barrett and two employees in the press department which will be referred to later no one affiliated with General was informed that the work was being done.

On the day of the injury a conveyor belt or "roller" some fifteen feet above the floor, which was used for conveying tires, was for some reason causing tires to "hang up" and Story's foreman, Barrett, directed his men, including appellant, to repair this belt which was turned off at that time by using only the "off" button of the "on-off" series of buttons located at each end of the belt. After appellant had been on the conveyor belt about 20 minutes an employee of General's, Cogenhour, without giving any warning pressed the "on" button and started the belt, thereby injuring appellant's foot.

Appellant bases his action on the negligence of General's employee which in effect is Cogenhour. Although Barrett told "two boys that was operating the presses that we had about a five minute job and asked if it could be turned off * * * (and) they said they would have it off" until the work was done, the proof clearly showed that Cogenhour and no other person affiliated with General had any knowledge that appellant was on the conveyor belt or any work was being done on it; that from the position Cogenhour was in when he pressed the "on" button to activate the conveyor he could not possibly have seen appellant; that appellant admitted he could not have seen Cogenhour; that it was common practice to start and stop the conveyor six to twelve times each day; that Cogenhour did not know appellant, or any Story men were even in the plant; that Barrett had not been directed to repair the belt at that time and had not contacted any of General's supervisory personnel and advised them of his intention to repair same and that it was started in the usual manner used by Cogenhour, pressing the "on" button when necessary to move tires.

In order to take a negligence case to the jury it is necessary to show that defendant's employee (or defendant) either actually knew, or should have known by the exercise of ordinary care, of the danger to plaintiff. American Engineering and Construction Company v. Kostolnik, 141 Ky. 8, 131 S.W. 1033 and Greene v. Burns, 142 Ky. 710, 134 S.W. 1134.

Nothing in the above proof shows General's employee, Cogenhour, actually knew, could have known by the exercise of ordinary care, or had any reason to believe that appellant was on the conveyor belt, therefore, he was not guilty of negligence in pressing the "on" button in the usual manner. The comment to the two men operating the presses did not impute knowledge to General. City of Dayton v. Thompson, Ky., 372 S.W.2d 407 (1963).

The judgment is affirmed.

MILLIKEN, NEIKIRK, PALMORE and STEINFELD, JJ., concur.

REED, J., dissents.

OSBORNE, J., not sitting.