**Gene PARSLEY, Petitioner,**

v.

**Hon. Sampson B. KNUCKLES, Judge, Laurel
Circuit Court, London, Ky., Respondent.**

Court of Appeals of Kentucky.

April 28, 1961.

Gene Parsley, pro se.

No appearance for respondent.

MOREMEN, Judge.

This is an original action in the Court of Appeals by which petitioner, Gene Parsley, has requested this court to issue a temporary injunction enjoining Hon. Sampson B. Knuckles, Judge of the Laurel Circuit Court, from entering judgment in a divorce action now pending in said court between petitioner and his wife. A reading of the petition demonstrates that he is, in fact, seeking an order in the nature of a writ of prohibition and we will treat the petition as if it had asked for that relief.

We have before us only the verified petition. The facts stated therein are few. The conclusions are many. Petitioner states in effect that on November 8, 1960, he mailed to the office of the Laurel Circuit Court Clerk a complaint in which he sought a divorce. At the same time he asked that subpoenas be issued for ten witnesses. He states that the complaint was received on November 10, 1960, and that on the same day his wife also filed a suit for divorce. He counterclaimed in the latter suit so we feel that the matter of priority of filing is of little importance. He states:

> "That the said Respondent, Hon. Sampson B. Knuckles denied the said Petitioner-Defendant a right to be heard in said matter and conducted an ex parte hearing in the matter, all without the Petitioner-Defendant being represented by Counsel, and without due process of law, abridging his rights, privileges and immunities, and further denying him equal protection of the law, all in violation of Section 11, Kentucky Constitution (Bill of Rights) and Section 1 of the Fourteenth Amendment to the Constitution of the United States."

He further alleges that judgment has not been entered in the divorce case and if it is entered against him without an opportunity to be heard and to present witnesses, he will suffer great and irreparable injury—and asks in effect that the court be prohibited from entering judgment in the divorce proceeding until he has had an opportunity to appear and defend.

In connection with petitioner's contention that the clerk failed to issue subpoenas requested at the time his complaint seeking a divore was filed, we do not have sufficient facts alleged to warrant an opinion. First, it is not shown or alleged that petitioner complied with the conditions set forth in CR 45.01 – 45.04. Second, the civil rules charge the clerk with the duty to issue subpoenas, and this petition is directed to the judge.

Similarly, no facts enlighten us as to the alleged "ex parte hearing." Evidently, petitioner was served with summons. In any event, he entered appearance when he filed a counterclaim. We are not informed about the manner in which the case was tried, whether evidence was introduced before the court or taken by deposition, and we are not in position to decide whether the proceedings were regular. The presumption is that they were.

The petitioner further contends that he was not represented by counsel in violation of his rights under Section 11 of our Constitution. That section applies to criminal prosecutions alone and has not been extended to suits of a civil nature. We are not disposed to extend the plain words of that section although we recognize that in late years the right to counsel in criminal cases has developed rapidly. As pointed out by W. M. Beaney in his excellent book, "Right to Counsel," in the early development of the law there was no provision for appointment of counsel in criminal cases and the accused was actually denied the right to have counsel. In England before 1695, one accused of treason had no right to retain counsel, but in that year Parliament chose to create a privileged position for such defend-

ants and, by statute, provided that the court must appoint counsel upon the request of the accused. In all other felonies the accused was not permitted counsel in the fullest sense until 1836, and, peculiarly enough, in minor cases involving misdemeanors the accused had the right to retain counsel to assist him in his defense, perhaps because it was believed that the state's interest was slight in such cases. The Act of 1836 simply permitted persons accused to appear and defend with counsel retained by them.

In this country the development of the right to counsel has been slow also. It will be noted that Section 11 of the Constitution says simply: "In all criminal prosecutions the accused has the right to be heard by himself and counsel." But during the years the courts have developed the idea that there is a duty upon the court to appoint an attorney for an accused who is unable to employ one. It was not until the year 1938, however, and in the case of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, that the Supreme Court unequivocally held: "The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel."

We are not familiar with any requirement that litigants must be represented by counsel in civil cases, although the legislature seems to have made a move in that direction by KRS 403.090, which makes provision for a "friend of the court" in a county containing a city of the first or second class. Under this statute it is the duty of the friend of the court to enforce the payment of sums ordered by the court in divorce actions for the care and maintenance of minor children. In some cases a guardian ad litem is required who has the duty to defend under certain circumstances. There is nothing, however, in the common law that requires counsel in civil cases and any step toward that end must be made by the legislature.

Finally, we are not convinced of the propriety of the procedure in this case and believe that it fails to conform to the conditions carefully set out in Bender v. Eaton, Ky., 343 S.W.2d 799. In view of the fact that the petitioner has practiced this case for himself and without counsel, we believed it proper to discuss at some length the points raised by him.

■ In conclusion, we wish to emphasize that we will not exercise our extraordinary power of control over inferior courts under § 110 of the Constitution unless need for such action is shown by specific allegation of facts and acceptable proof of them. Interference with the trial procedure of another court should result only from certainty and assurance.

The petition for an order in the nature of a writ of prohibition is denied.