Mae Riordan **TURNER**, Petitioner,

v.

Hon. William R. **GENTRY**, Respondent.

Court of Appeals of Kentucky.

April 29, 1966.

William J. Francis, Charles B. Zirkle, Louisville, for petitioner.

Davis Williams, Munfordville, for respondent.

WILLIAMS, Judge.

Joe Turner sued the petitioner Mae Riordan Turner for divorce in the Hart Circuit Court. Petitioner moved the court to dismiss the case on the ground that venue did not rest in that court because her residence was in Jefferson County. The respondent William R. Gentry, after a hearing at which testimony for both sides was offered, overruled petitioner's motion.

Mae Riordan Turner now petitions this Court to prohibit the Hart Circuit Court from hearing and determining the divorce action. She alleges she has no adequate remedy at law, inasmuch as a judgment of divorce may not be appealed in this State, and she says she will suffer great and irreparable injury if she is required to defend the action in the Hart Circuit Court.

It has become well established that this Court will entertain a petition seeking to prohibit a circuit court from ex-

ercising jurisdiction in a divorce proceeding when the question of residence of the parties is raised. Russell v. Hill, Ky., 256 S.W.2d 508 (1953); Weintraub v. Murphy, Ky., 240 S.W.2d 594 (1951). As was said in the Russell case, the question is one of fact which must be determined from the proof taken in circuit court. We will not exercise our extraordinary power under Section 110 of the Constitution unless the need for such action is shown by specific allegations of facts, and acceptable proof of them. Parsley v. Knuckles, Ky., 346 S.W.2d 1 (1961).

In this case the circuit judge heard proof relating to the residence of the petitioner, but apparently no transcript of the evidence was made. At any rate it has not been filed here. Consequently we are in no position to say the circuit judge did not have ample evidence on which to base his decision when such evidence is not available to us. The presumption is that the proceedings in circuit court are regular. Parsley v. Knuckles, supra.

The petition for a writ of prohibition is denied.