James MAY, Appellant,

v.

Eddy COLEMAN, Judge, Pike Circuit Court, Appellee,

and

Commonwealth of Kentucky; John Barton; William Happy Coleman; Vernon Coleman; City of Pikeville; David Caudill; Paul Isaacs; William Spicer; and Unknown Defendants, Real Parties in Interest.

No. 96–SC–634–MR.

Supreme Court of Kentucky.

May 22, 1997.

(1938). However, the general rule does not apply in a situation in which litigation is likely to be repeated, *Courier–Journal v. Meigs,* Ky., 646 S.W.2d 724 (1983), or where the issue is "capable of repetition, yet evading review." *West v. Commonwealth,* Ky., 887 S.W.2d 338, 343 (1994); *Philpot v. Patton,* Ky., 837 S.W.2d 491, 493 (1992). The issue raised by Appellant is such that it is not only likely and capable of repetition, but certain to be repeated. In fact, Appellant has attached to his petition a copy of an order signed by another circuit judge granting the same motion which was denied in this case. Also, since the issue is a preliminary one involving a claim akin to right to counsel, it is likely to evade review if not addressed at this stage of the proceedings. Thus, we address the merits of the issue raised in Appellant's motion before the Circuit Court and in his petition for a Writ of Mandamus.

James May, Burgin, pro se.

Eddy Coleman, Pikeville, pro se.

A.B. Chandler, III, Attorney General, Frankfort, Russell H. Davis, Jr., Baird, Baird, Baird & Jones, Pikeville, John Barton, Paintsville, William Happy Coleman, Washington, DC, for Real Parties in Interest.

COOPER, Justice.

Appellant, an inmate at Northpoint Training Center, has brought a civil action in the Pike Circuit Court against various government officials and entities. He filed a motion requesting the presiding judge, Respondent Eddy Coleman, to appoint another inmate, John E. Reneer, as a "lay assistant" to assist Appellant in the prosecution of that action. When Judge Coleman denied the motion, Appellant petitioned the Court of Appeals for a Writ of Mandamus requiring the judge to appoint Reneer to assist him. The Court of Appeals denied the petition as moot and Appellant filed this appeal as a matter of right. Ky. Const., § 115.

■ The Court of Appeals deemed this action moot because Judge Coleman has already acted on Appellant's motion by denying it. As a general rule, mandamus will lie to set a court in motion, but it cannot be used to control the result. *Courier–Journal v. Peers,* Ky., 747 S.W.2d 125, 127 (1988); *Hargis v. Swope,* 272 Ky. 257, 114 S.W.2d 75

■ It is now elementary that an indigent criminal defendant is entitled to appointment of counsel in any proceeding in which he could be sentenced to a term of imprisonment. U.S. Const., Amendment 6; Ky. Const., § 11; *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). We have extended that right to civil contempt proceedings where imprisonment is a potential punishment. *Lewis v. Lewis,* Ky., 875 S.W.2d 862 (1993). If a prisoner fails to defend a civil action brought against him, a guardian ad litem must be appointed for him before judgment may be entered. CR 17.04; *Davidson v. Boggs,* Ky.App., 859 S.W.2d 662 (1993). However, CR 17.04 has no application where, as here, the action is brought by, rather than against, the prisoner. Except in these limited circumstances, there is no constitutional right to counsel in a civil case. *Parsley v. Knuckles,* Ky., 346 S.W.2d 1 (1961). Thus, Appellant premises his motion and petition on the contractual agreement denominated as a Consent Decree by which the Department of Justice and the Attorney General of this Commonwealth settled a 42 U.S.C. § 1983 action brought in federal court by inmates confined in our state prison system. The Consent Decree is published as an ap-

pendix to *Kendrick v. Bland*, 541 F.Supp. 21 (W.D.Ky.1981). In Section 8 of the Consent Decree, a program is established for the training of "inmate legal aides." *Id.* at 34–35. That section contains the following statement:

Defendants agree that any prisoner capable of assisting other prisoners in the preparation of legal papers or in the prosecution of a lawsuit may do so without fear of disciplinary action, provided that the particular prisoner has been appointed or is seeking appointment by a court to so assist another prisoner. In the alternative, defendants will not oppose the entry of a Decree by this Court permitting the appointment of any prisoner to assist another prisoner, in the defense or prosecution of legal proceedings upon a showing that such prisoner is capable of rendering such assistance. Defendants further agree that neither inmate legal aides nor appointed inmate legal assistants will be removed from their jobs or receive any other disciplinary action for filing any legal action against defendants, their agents, or their employees.

*Id.* at 35. Appellant relies on this provision as authority for his proposition that he is entitled to the appointment of an inmate legal aide to assist him in prosecuting the civil action which he filed in the Pike Circuit Court. His reliance is misplaced.

The clear purpose of Section 8 of the Consent Decree is to upgrade the legal services provided to inmates at a minimum cost to the Executive branch of our government. The quoted provision only guarantees that an inmate legal aide or assistant will not be disciplined for assisting other prisoners in their legal actions, but only if that inmate legal aide or assistant has been appointed or is seeking appointment by a court to provide such assistance. The provision does not purport to create a legal right to have an inmate legal aide or assistant appointed to assist another inmate in the prosecution of a civil action in the Kentucky Court of Justice. The second sentence of the provision, which provides that the defendants will not oppose the entry of a "Decree by this Court," obviously refers to appointments by the Federal District Court and not by a court of this Commonwealth. Regardless, the provision does not guarantee that even the Federal District Court will appoint inmate legal aides to assist prisoners in their litigations, but only that the Department of Corrections and the Attorney General will not oppose such appointments.

The Consent Decree does not and could not purport to designate who is authorized to practice law in the courts of this Commonwealth. That authority is vested solely in the Supreme Court of Kentucky. Ky. Const., § 116. The Executive branch could not, by entering into a Consent Decree or otherwise, encroach upon that authority. *Cf. Ex parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682 (1980). We have guarded the practice of law with strict governance, *Frazee v. Citizens Fidelity Bank & Trust Company,* Ky., 393 S.W.2d 778 (1964), and we have met the appearance of "inmate litigators" with disapproval. *Brey v. Commonwealth,* Ky., 917 S.W.2d 558 (1996).

In overruling Appellant's motion, Judge Coleman correctly observed that not only is there no requirement that he appoint a "lay assistant" to advise and assist Appellant in the prosecution of his civil action, there is no authority which would permit him to do so. Our rules governing the practice of law prohibit the rendering of legal advice by one who is not licensed to practice law in this Commonwealth.

The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services....

SCR 3.020. "Only persons who meet the educational and character requirements of this Court and who, by virtue of admission to the Bar, are officers of the Court and subject to discipline thereby, may practice law. The sole exception is the person acting in his own behalf." *Frazee v. Citizens Fidelity Bank & Trust Company, supra,* at 782.

We are not now asked to decide whether the Consent Decree is enforceable insofar as

it purports to condone the unauthorized practice of law within the confines of our prison system. We only address Appellant's contention that the Consent Decree requires the appointment of an inmate legal aide to assist him in the prosecution of the civil action which he has filed in the Pike Circuit Court. The answer is that the Consent Decree neither does so nor could do so.

Thus, we affirm on the merits the decision of the Court of Appeals to deny Appellant's petition for a Writ of Mandamus.

All concur.