RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1170-MR

LARRY DALE FOLEY, JR.                                   APPELLANT

                    APPEAL FROM MADISON CIRCUIT COURT
v.              HONORABLE BRANDY OLIVER BROWN, JUDGE
                    ACTION NO. 20-CI-00435

S.F., AS NEXT FRIEND AND
MOTHER FOR THE BENEFIT OF
A.F., AN UNMARRIED INFANT, 12
YEARS OF AGE                                             APPELLEE

OPINION
VACATING
AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

COMBS, JUDGE: Larry Dale Foley, Jr., appeals a judgment of the Madison

Circuit Court entered on September 1, 2021, awarding to S.F., as next friend and

mother of A.F., tort damages in the amount of $11,150,000.00, plus interest and

court costs. After our review, we are compelled to vacate and remand.

On January 6, 2020, Larry was arrested by federal agents on charges of possession of child pornography. He has been in federal custody since that time. Larry's initial indictment was superseded, and he was ultimately charged with the offense of production of child pornography. On September 1, 2020, Larry signed a plea agreement indicating that he engaged in sexually explicit conduct with A.F., a minor, for the purpose of producing a visual depiction of that conduct.

On September 18, 2020, S.F. (Mother), initiated a tort action seeking damages for the sex abuse perpetrated by Larry against A.F. On October 2, 2020, while he was housed at the Grayson County Detention Center, Larry was served with a summons and a copy of the complaint against him. After Larry was served with process, Mother filed a motion for default judgment; for partial summary judgment; or, alternatively, for the appointment of a guardian *ad litem*. Following a hearing conducted on November 19, 2020, the circuit court appointed Attorney L.B. Lominac to serve as guardian *ad litem* to represent Larry.

On December 10, 2020, Larry was sentenced by the federal district court to the statutory maximum of 30-years' imprisonment. A restitution hearing was conducted by the federal court on January 25, 2021. Based upon testimony provided by Mother related to the anticipated costs and expense of counseling and therapy until A.F. reached the age of majority, the court ordered Larry to make restitution in the amount of $14,757.62.

On March 15, 2021, Mother renewed her motion for default judgment or partial summary judgment. On April 7, 2021, Attorney Lominac filed an answer to the complaint; a guardian *ad litem* report; and a response to the motion filed by Mother. In his report, Attorney Lominac advised the circuit court that Larry intended to seek relief from the judgment of conviction based upon an allegation that he had not been afforded effective assistance of counsel in the criminal proceedings conducted in federal court. The answer filed by Attorney Lominac to the civil complaint specifically denied that Larry had sexually abused A.F. and asserted that Larry's guilty plea in federal court had been coerced. In response to the motion for partial summary judgment, Attorney Lominac argued that a genuine issue of material fact existed precluding summary judgment because of Larry's denial of the allegations and his contention with respect to the guilty plea.

On April 8, 2021, the circuit court conducted a hearing on the motion for summary judgment. At the hearing, Attorney Lominac reiterated Larry's denial of the allegations against him and his contention that the guilty plea was not voluntary and must be set aside. Nevertheless, Attorney Lominac questioned his role as guardian *ad litem* for Larry and whether his "ongoing involvement was necessary." At a hearing on May 19, 2021, the circuit court granted the motion for summary judgment on liability and took under advisement whether to discharge

Lominac as the guardian *ad litem.* An order granting partial summary judgment was entered on June 18, 2021.

A status conference was conducted on July 1, 2021. The guardian *ad litem* was not present. Mother waived a jury trial, and the court scheduled a bench trial to determine damages. The bench trial was scheduled for August 30, 2021.

On July 28, 2021, the guardian *ad litem* filed a motion to continue the damages hearing. He also requested an award of fees. Attorney Lominac indicated to the court that he had been unable to communicate adequately with Larry as he was now in the custody of the Federal Bureau of Prisons and had been transferred from the Grayson County Detention Center. Attorney Lominac requested that the bench trial be continued so that Larry could retain counsel.

The motion hearing was conducted by the circuit court on August 5, 2021. Attorney Lominac's motion for fees was granted, and he was released from further representation of Larry. There is nothing in the record to indicate that Larry was made aware of the court's decision to discharge his guardian *ad litem*.

The damages hearing was conducted as scheduled on August 30, 2021. Larry was not present either in person or virtually. The record does not reflect that any effort was made to secure Larry's presence or participation in any capacity. Mother and A.F. testified with respect to damages. In a judgment entered on September 1, 2021, the trial court awarded compensatory damages in

the amount of $3,650,000 and punitive damages in the amount of $7,500,000. Judgment was entered, and this timely appeal followed.

On appeal, Larry argues that the trial court erred by releasing the guardian *ad litem* prior to the hearing on damages and entry of final judgment. He also argues that the actual damages awarded are not supported by sufficient evidence. Finally, Larry contends that the award of punitive damages is excessive. Our resolution of the first issue raised is dispositive of the appeal. Consequently, we do not analyze the remaining assertions.

An indigent criminal defendant is entitled to appointment of counsel in any proceeding in which he could be sentenced to a term of imprisonment. However, the constitutional right to counsel in civil proceedings is narrowly circumscribed. U.S. CONST., Amendment 6; KY. CONST., § 11; *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979). In *Lewis v. Lewis*, 875 S.W.2d 862 (Ky. 1993), the Supreme Court of Kentucky held that adjudicated indigents facing incarceration for civil contempt for failure to pay child support are entitled to appointment of counsel. Additionally, if a prisoner fails to defend a civil action brought against him, a guardian *ad litem* must be appointed for him before judgment may be entered. *Davidson v. Boggs*, 859 S.W.2d 662 (Ky. App.1993); *May v. Coleman*, 945 S.W.2d 426 (Ky. 1997).

CR[1] 17.04(1) provides in mandatory language as follows:

> Actions involving adult prisoners confined either within or without the State may be brought or defended by the prisoner. If for any reason the prisoner fails or is unable to defend an action, the court shall appoint a practicing attorney as guardian ad litem, and no judgment shall be rendered against the prisoner until the guardian ad litem shall have made defense or filed a report stating that after careful examination of the case he or she is unable to make defense.

It is undisputed that at the time the tort action was filed against him and throughout the course of the litigation, Larry remained imprisoned. While he filed an answer to the divorce proceedings commenced by Mother and defended his position throughout that litigation, it is clear that he did not defend the tort action commenced by Mother before a guardian *ad litem* had been appointed.

In *Davidson*, 859 S.W.2d 662, we observed that application of the provisions of CR 17.04(1) by the circuit court is not discretionary. "The rule does not distinguish between voluntary and involuntary absences nor does it allow consideration of whether the prisoner possessed sufficient funds to obtain counsel of his own choosing." *Id.* at 665. Under these circumstances, the provisions of CR 17.04(1) specifically required the trial court to appoint an attorney as guardian *ad litem* for Larry. Unless the attorney filed a report indicating that no viable defenses

---

[1] Kentucky Rules of Civil Procedure.

existed, judgment could not have been entered without a proper defense having been made.

Throughout the litigation, Attorney Lominac indicated to the court that Larry denied sexually abusing A.F. and that Larry intended to seek relief from the judgment of conviction entered in federal court on grounds that his plea had been coerced and that he had been denied effective assistance of counsel. Mindful of rules governing his professional conduct and his ethical duty to advance the interests of Larry, Attorney Lominac argued earnestly that Larry's denial of the allegations and his contention with respect to the guilty plea created a genuine issue of material fact precluding the circuit court's summary judgment. He indicated to the circuit court that a viable defense did exist. Nevertheless, after partial summary judgment was granted, Attorney Lominac was discharged as guardian *ad litem.*

Because Larry is a prisoner and he did not defend himself in the tort action filed against him, he was entitled to counsel. There is no indication that Larry waived this right. *See Goldsmith v. Fifth Third Bank*, 297 S.W.3d 898 (Ky. App. 2009). Duties of the guardian *ad litem* are not merely perfunctory. Because due process includes the opportunity to examine and to cross-examine witnesses and to introduce and to refute evidence, the prisoner was entitled to counsel throughout the proceedings.

Mother observes that retained counsel's entry of appearance on behalf of Larry in the divorce action was sufficient to invoke the personal jurisdiction of the circuit court. On this basis, she argues that appointment of a guardian *ad litem* in the tort action was never necessary. We cannot agree. The court does not appoint a guardian *ad litem* under our Rules of Civil Procedure in an effort to acquire personal jurisdiction. Instead, the express terms of the Rule require the court to appoint a guardian *ad litem* if the prisoner fails to defend for any reason. "[T]he appointment of a guardian *ad litem* under CR 17.04 is intended, in part, to prevent the failure of a prisoner to obtain counsel as being deemed a waiver of his right to due process." *Davidson*, 859 S.W.2d at 665.

Finally, we address Mother's motion to strike the brief that Larry filed in this Court. Mother contends that Larry failed to show how and where the issues on appeal were preserved for our review. She argues that the appeal should not be considered because the issues presented were not, in fact, properly preserved for our review. The brief filed by Larry is not deficient. Consequently, the motion to strike is denied. We review the issue considered in this appeal because Larry is entitled to appointed counsel pursuant to our Civil Rules, and our failure to review could result in manifest injustice. It would certainly be a violation of the Civil Rule on our part. The circuit court's decision to dismiss the guardian *ad litem*

-8-

failed to comply with the requirements of CR 17.04(1).  Therefore, we are compelled to grant a new trial under the provisions of CR 59.01.

Accordingly, we vacate the judgment of the Madison Circuit Court and remand the matter for additional proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jerry W. Gilbert
Richmond, Kentucky

BRIEF FOR APPELLEE:

Jimmy Dale Williams
Randy Martin O'Neal
Richmond, Kentucky