RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0632-ME

SKYLER WOODS                                                                APPELLANT

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
           HONORABLE SHELLEY M. SANTRY, JUDGE
           ACTION NO. 23-D-501056-001

LORYN COOPER                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE:  The Appellant, Skyler Woods ("Woods"), asks us to reverse

the Jefferson Family Court because that court did not continue the scheduled

hearing at which it addressed the issuance of a Domestic Violence Order ("DVO")

against Woods and in favor of the Appellee, Loryn Cooper ("Cooper").  Woods

also suggests counsel should have been appointed for him.  Finally, Woods

believes that the family court erred in considering Woods' criminal record of prior

assaultive behavior during the hearing. Finding no error by the family court, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2023, Woods entered a guilty plea to a fourth-degree assault against a person other than Cooper. The Shelby District Court[1] imposed a sentence of ninety days, conditionally discharged for two years. On April 3, 2023, Woods filed proof of attendance at an anger management program ordered by the Shelby District Court.

In the meantime, Cooper provided detailed information of an assault by Woods on March 30, 2023. The next day, Woods was charged with fourth-degree assault and first-degree criminal mischief in Jefferson County[2] because of this event. Cooper sought protection from Woods, and an Emergency Protective Order ("EPO") was entered. Woods admitted he received the EPO and summons for the required hearing on March 31, 2023. The officer who served the papers that day noted that Woods "attempted to refuse service. Told deputy to put papers on ground." The summons notified Woods of the hearing scheduled for April 11, 2023.

---

[1] Shelby District Court, Case No. 22-M-00040.

[2] Jefferson District Court, Case No. 23-F-002306.

Woods appeared without counsel for the hearing on April 11, 2023. Cooper also appeared, but with her own counsel. Woods asked for a continuance. He explained that he had three attorneys. One of the attorneys was for this DVO case. Another was retained for the criminal charges related to this case. Finally, Woods mentioned the third attorney had represented him for the recent Shelby County case.

Woods said that none of these attorneys could be with him on April 11, 2023. One was in a criminal trial, and another was in Florida. At least one of these attorneys told Woods to ask for a continuance. Woods asked to continue the hearing for almost a month to May 9, 2023. Understanding the case may proceed, at least one of these attorneys also advised Woods to assert his Fifth Amendment privilege. Woods offered nothing substantive to support the requested continuance such as an affidavit or even a letter or email from any of the attorneys.

Cooper would not agree to the continuance. Noting the statutorily imposed timeframe of fourteen days for such hearings, the family court denied the continuance. For the next hour, the family court conducted the hearing with remarkable patience and politeness considering Woods' sometimes disagreeable behavior. The family court allowed Woods to cross-examine Cooper through questions first posed to the court. The family court repeatedly warned Woods

about his Fifth Amendment rights, even saying that if his attorneys could have been there, they would have advised him not to testify.

Ultimately, after being given time to speak with his mother, Woods chose to testify. He read a prepared statement. He showed the family court videos on his phone which he believed supported his claim that Cooper had assaulted him, and that, when Cooper left the residence at one point, she had no marks on her such as those she showed the family court during her part of the hearing with pictures on her phone.

Before addressing the sufficiency of the evidence, we note the lack of any photos or video recording in the record. We can see the parties and the judge look at the images, but they are never shown for the record by way of any available device in the courtroom to show them.[3] Regardless, there is no question that the evidence of record, including the testimony of Cooper, supports the seminal finding made by the family court that Woods had committed acts of domestic violence.

Woods' videos were very brief and clearly taken out of context. One can hear Woods exclaiming that Cooper had hit him five times, but this is a self-serving and after-the-fact statement rather than a description of what was currently

---

[3] While this lack of record does not preclude review in the circumstances of this case, we ask the family court to devise a process for images to be shown in the record such as with the use of an "ELMO" or similar projecting device.

happening on the short video, according to the comments during the hearing. Woods insists that when he took the video Cooper did not have markings on her (as if Woods could not have made them later if they had continued the argument). When trying to explain the evidence of Cooper's visible injuries, Woods suggests Cooper must have had someone beat her up after she left him.

## STANDARD OF REVIEW

We review the denial of a continuance for an abuse of discretion. *Guffey v. Guffey*, 323 S.W.3d 369, 371 (Ky. App. 2010). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). For the findings made by the family court, we must accept them unless clearly erroneous. CR[4] 52.01. A finding is not clearly erroneous if it is supported by substantial evidence, with this Court deferring to the first-hand opportunity of the family court to weigh the evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

## ANALYSIS

As there is no question about the sufficiency of the evidence, we address primarily Woods' procedural complaints. We start with the recognition that DVO proceedings are civil proceedings, even though they, like other civil

---

[4] Kentucky Rules of Civil Procedure.

matters, may have serious consequences. It is well established that there is no constitutional right to counsel for civil matters. *Parsley v. Knuckles*, 346 S.W.2d 1, 3 (Ky. 1961).

Our courts have extended the right to counsel to civil matters in some circumstances, none of which are applicable to this case. *See May v. Coleman*, 945 S.W.2d 426 (Ky. 1997). Appointment of counsel may be required by operation of rules of procedure enacted by the Kentucky Supreme Court. For example, as recognized in *May*, CR 17.04 requires appointment of counsel for an incarcerated person to defend an action brought against him but not to prosecute a case. *Id*. at 427.

Woods asks us to further extend the granted rights. He cites *Smith v. Doe*, 627 S.W.3d 903 (Ky. 2021), in which the Kentucky Supreme Court applied CR 17.03 to require appointment of counsel for minor children in cases in which interpersonal protection is sought under KRS[5] Chapter 456. While this right may extend to DVO proceedings under the same logic, Woods does not meet any of the criteria to require appointment of counsel under the civil rules.

The real question in this case is whether the family court abused its discretion in not granting a continuance so that Woods could have retained counsel with him. We start with the statutory framework for hearings in these cases.

---

[5] Kentucky Revised Statutes.

Under prior versions of the statutes, the family court was required only to initially "fix" the hearing date within fourteen days. The Kentucky Supreme Court recognized this wording enabled the family court judges to continue the hearing past the fourteen day guideline. The family court did not lose subject matter jurisdiction with a continuance. *See Daugherty v. Telek*, 366 S.W.3d 463 (Ky. 2012).

These governing statutes have changed. KRS 403.730(1)(a) now states that the family court shall issue a summons for a hearing within fourteen days. KRS 403.735(2) addresses situations where the respondent had not been served or was served with less than three days prior notice of the hearing date. In those situations, the EPO can be extended, and the hearing continued. We do not believe these alterations to the statutes reduce the authority of the trial courts to continue hearings beyond fourteen days when good cause is shown to do so.

For example, with the still new requirements of *Smith*, the family courts must figure out when they must appoint attorneys for children. Often, this is not clear until the petition is reviewed in court and the parties clarify if actions are on behalf of children. If those attorneys are to be appointed and then prepared to represent the children's interests, this may compel rescheduling a hearing after the initial fourteen days. We believe the rule in *Daugherty* still applies. So, we next address the exercise of discretion in the denial of a continuance in this case.

"Whether a continuance is appropriate in a particular case depends upon the unique facts and circumstances of that case." *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001). The *Snodgrass* factors pertinent to this case would be the length of the requested delay, the complexity of the case, inconvenience to the participants, and prejudice to anyone involved. *Id.*

The case is not complex which might have required more time for preparation. For a case intended to be heard within fourteen days, Woods wanted to triple that time. There is often inconvenience to all participants when another day must be selected.

A primary concern is prejudice caused by the delay. The law expects these hearings to be promptly done. This is to reduce the risk of further acts of violence. With a hearing within the expected fourteen days, the family court may quickly intervene, including measures which may be taken to address any drug or mental health factors, which frequently contribute to violence. Especially considering the time sensitive nature of the DVO process, the family court here did not abuse its discretion in denying the continuance.

The way the family court conducted the hearing illustrates the lack of prejudice to Woods. He was cautioned repeatedly about testifying. When he chose to do so, he did not admit to the allegations, and he presented evidence for

his side of the story. To facilitate hearings in DVO cases, KRS 403.745(6) prohibits use of what Woods said during the hearing, unless he is impeached for saying something different at a subsequent criminal proceeding.

Another issue raised by Woods was the use of his prior Shelby County case at the hearing. Woods argues the family court did not comply with KRE[6] 609 because the prior case did not involve a felony. But KRE 609 addresses only the use of criminal convictions to reflect on the credibility of a witness. The evidence was not used for that purpose here.

Woods then says the evidence violated KRE 404 as improper character evidence. It is true evidence of prior bad acts may not be used to show a propensity to engage in similar acts on a future occasion. But KRE 404 allows use of evidence for another purpose. In this case, the permitted use is granted by KRS 403.735(1)(a). The statute allows the family court to consider evidence of other crimes, not for character purposes, but instead to evaluate what provisions should be made to prevent continuing acts of domestic violence in the present case.

In DVO and similar proceedings due process requires basically that everyone has a meaningful opportunity to be heard. *Wright v. Wright*, 181 S.W.3d 49, 53 (Ky. App. 2005). In the hour-long hearing conducted by the family court in this case, Woods clearly was heard. The Jefferson Family Court did not abuse its

---

[6] Kentucky Rules of Evidence.

discretion in denying Woods' continuance.  And, based on the evidence of record, the findings of the Jefferson Family Court are not clearly erroneous.  The Jefferson Family Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison Spencer Russell
Shanna R. Ballinger
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mark G. Hall
Louisville, Kentucky