**Betty B. BRUTON, Appellant,**

v.

**O. Grant BRUTON, Appellee.**

Court of Appeals of Kentucky.

July 14, 1978.

Robert P. Hastings, Louisville, for appellant.

Glen L. Schilling, Louisville, for appellee.

Before COOPER, GANT and HOGGE, JJ.

COOPER, Judge.

This is an appeal from a judgment entered in a divorce action and attendant property settlement.

Appellant contends that she is entitled to have the judgment of the trial court reversed insofar as the trial court declared a $29,000 debt owed to the First National Bank of Louisville to be a marital debt which should be paid from the proceeds of the sale of the parties' residence in Indian Hills. Secondly, she contends that she is entitled to fifty percent (50%) of the net proceeds of the sale of the personal residence in Indian Hills. She was allocated forty percent (40%) of the sale proceeds. But, also, she was allocated responsibility for only forty percent (40%) liability on the $29,000 debt.

It is the appellant's position on the debt issue that she should not be liable for any portion thereof because the husband borrowed the money using his separate property as collateral security. She argues that he could have, and should have, cashed in or spent his separate property rather than using it as collateral for the series of loans in question. Having borrowed money rather than spending his own money, he should now be held liable for the total amount of the indebtedness.

▮ No case authority is advanced in support of appellant's position. We cannot agree with her contention that equity demands such a result. The fact that appellee used his own property as loan security rather than borrowing at higher interest rates with less or no security should not be used to penalize him. Indeed, it is highly speculative whether the sums in question could have been obtained on an unsecured basis. Our result is reached in light of the undisputed fact that the loan proceeds were used for marital purposes generally and in certain instances to provide personal benefit to appellant. Having enjoyed the benefit of the loan proceeds, both directly and indirectly, appellant is not entitled to disclaim all liability therefor.

▮ On the second point raised, in light of the overall property settlement and based on our review of the evidence ad-

duced in accordance with KRS 403.190, pertaining to the contribution of the parties to the acquisition and accumulation of marital property, no clearly erroneous finding was made by the trial court. We may not disturb the findings of a chancellor in a divorce case unless they are clearly erroneous. CR 52.01; *Adams v. Adams*, Ky., 412 S.W.2d 857 (1967). Appellant's total award of marital property exceeds forty percent (40%), and we find no basis for concluding that is unreasonable under the circumstances. Cf. *Howard v. Howard*, Ky., 412 S.W.2d 243 (1967).

We recognize that after assigning the nonmarital property, appellee's estate was much larger than appellant's and it is doubtful, to the point of being remote, that appellant's earnings will ever approach appellee's. But, the disparity in size of estate coupled with some consideration for the style of living to which she had become accustomed must have been among the factors taken into account in awarding maintenance pursuant to KRS 403.200 in the amount of $700 per month for five years or until death or remarriage. The total potential exposure to appellee is $42,000.

We find no reversible error in this record. The judgment appealed from is affirmed.

All concur.