**Robert Ray HERRON, Movant,**

v.

**Ruby Dixie HERRON, Respondent.**

Supreme Court of Kentucky.

Oct. 31, 1978.

A. V. Conway, II, Conway & Hawley, Beaver Dam, for appellant.

Henry C. Neel, Henderson, for appellee.

STEPHENSON, Justice.

The question presented on this appeal is whether the division of marital property in this divorce action constituted an abuse of discretion and in the alternative whether the trial court should be directed to decide the case based on the presumption outlined by the Court of Appeals.

We reverse and remand to the Court of Appeals.

Resume of the pertinent facts set out by the Court of Appeals is as follows. The movant and respondent were married in 1950. "They raised two children, both of whom are now over the age of 21 years and are independent. Neither of the parties had any property which was claimed as non-marital property.

"During their marriage the parties accumulated a dwelling house now valued at $35,000 on which there was at the time of separation a mortgage for $13,000. The husband has participated in an investment plan at his place of employment which was valued at $4,053.81. The husband has purchased in his name 28 shares of stock in the Kennecott Copper Company and has a $5,000 life insurance policy with some cash value. The parties also own household furniture, supplies and equipment, and two automobiles, none of which was given a value by the trial court.

"Over the years of the marriage, the husband has been the principal wage earner. His gross earnings at the time of separation were approximately $1,800 per month. The wife has worked for the past five years as a teacher in a headstart program, working about seven or eight months each year with annual earnings of approximately $2,800 per year.

"The trial court determined that the value of the wife's contribution to the marital property considering her contribution as a homemaker, the duration of the marriage and her economic circumstances was one-third of the net marital property.

"The judgment directed that the house and the shares of stock be sold, the insurance policy cashed or sold, and that the net proceeds be distributed one-third to the wife and two-thirds to the husband. The wife was given all of the household furniture and equipment and a 1973 Oldsmobile automobile free and clear of indebtedness. The husband was awarded a 1975 Pontiac automobile and the equity in the investment plan with Kennecott.

"Although no values were assigned to the household furniture or the automobiles, it is not contended by either party that the marital property was not divided substantially on a one-third/two-thirds basis." The question of maintenance before the Court of Appeals is now moot, according to counsel for movant, and is not an issue before this court.

We express no opinion on the question of abuse of discretion on the part of the trial court in the division of marital property; we leave this question to be determined by the Court of Appeals on reconsideration of this case.

The question which is of concern to this court is that portion of the Court of Appeals' opinion which states: "It is the opinion of this court that there should be a presumption of an equal distribution under the circumstances of this case in the absence of evidence to the contrary."

It is with this resurrection of the concept of presumptions in the division of marital property that we disagree.

■ The old rule of "one-third to the wife" had its genesis in *Thornberry v. Thornberry,* 14 Ky. (4 Litt) 251 (1823), holding in substance that where a divorce has been obtained by the wife, and her conduct is blameless, an allowance equal to what the law gives her on the death of her husband is reasonable. Thereafter the "one-third rule" was followed as a presumption of reasonableness although not an inflexible rule, and was not characterized as a presumption. Then *Colley v. Colley,* Ky., 460 S.W.2d 821 (1970), discarded the "one-third to the wife" rule as a legal fiction. In 1972 the General Assembly enacted KRS 403.190:

> "Disposition of property—(1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:
>
> "(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
> "(b) Value of the property set apart to each spouse;
>
> "(c) Duration of the marriage; and
>
> "(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children."

Thus the courts have a legislative mandate to divide marital property in accordance with the standards set out in the statute. It is significant to us that the statutes do not mention "presumptions"; and in the absence of this, we are of the opinion the legislative mandate is binding upon us and that presumptions in the division of marital property should not be indulged in at all.

■ As we see the problem, if the presumption adopted by the Court of Appeals in this case is allowed to stand, the inevitable result would be a proliferation of presumptions in other fact situations, and the standards adopted by the General Assembly in KRS 403.190 would become meaningless. It is the duty of the trial court to apply statutory standards to the facts of the case and to make a just division of the marital property. The Court of Appeals then should review an appeal of the case by testing the judgment against these standards to determine if there has been an abuse of discretion.

■ The case, as it applies to division of marital property, is reversed and remanded to the Court of Appeals with directions to apply statutory standards in determining whether there has been an abuse of discretion.

JONES, LUKOWSKY, REED, STERNBERG and STEPHENSON, JJ., concur.

PALMORE, C. J., and CLAYTON, J., do not concur.