Karl BODIE, Appellant,

v.

Louisa Green BODIE, Appellee.

No. 79-CA-45-MR.

Court of Appeals of Kentucky.

Nov. 30, 1979.

Charles J. McEnroe, Mandt, McEnroe & Polk, Somerset, for appellant.

Ray H. Bailiff, Jr., Adams & Adams, Somerset, for appellee.

Before GUDGEL, HOGGE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered October 3, 1978, which held that certain debts incurred during the marriage of the parties were nonmarital, and therefore, were to be paid solely by the appellant. The question presented is whether there exists a presumption that all debts incurred during marriage are marital debts.

The parties were first married in 1960 and this marriage was dissolved in 1972. They remarried in December of that year. The present proceedings for dissolution were initiated by the wife's petition on September 12, 1977. The parties orally agreed on child custody, support and property division. The only real property was the marital home and they agreed to a sale of the residence which resulted in a net profit of $14,802.20. The trial judge ordered the sale proceeds to be equally divided. The sole contention on appeal deals with the trial court's disposition of various debts.

Appellant argues that the trial judge committed reversible error in finding that a portion of the debts incurred during the marriage, totalling approximately $14,610.00, was not proven to be a marital debt. The appellant maintains that the trial judge erred in placing the burden of proof upon him in view of KRS 403.190 and *Bruton v. Bruton*, Ky.App., 569 S.W.2d 182 (1978).

The appellee contends that the findings of fact by the trial court are not clearly erroneous and should not be disturbed.

The appellant states that the $14,610.00 was borrowed over a three to four year period and expended for marital purposes in order to maintain a lifestyle higher than possible on his salary. The appellant declined to answer tendered questions, relative to the nature of the debts, on the advice of his attorney. No cancelled checks, bills or receipts were introduced.

The appellee testified that she did not sign the bank notes and had no knowledge of the loans. She stated that the parties had not made any large purchases, except for a dishwasher, but that she did know that they were in debt.

This Court affirms the judgment of the trial court because it was not error for the trial judge to find that the $14,610.00 amount was not proved as a marital debt.

We cannot accept the argument that KRS 403.190 creates a presumption that all debts acquired during the marriage are marital debts. The appellant is the only logical party who can produce evidence as to the marital nature of the debts. *Bruton, supra,* can be distinguished because the appellee had no knowledge of the indebtedness.

There is no Kentucky law precisely on point as to a presumption of marital indebtedness. Although it can be argued that a converse presumption could be implied from KRS 403.190(3), the judicial reasoning used in *Herron v. Herron,* Ky., 573 S.W.2d 342 (1978), precludes that result. In *Herron, supra,* the Kentucky Supreme Court disapproved gratuitous presumptions in regard to marital property. *Herron, supra,* is obviously distinguishable on its facts, but we believe the reasoning is applicable to this situation. The statute itself does not create a presumption as to marital debts and we do not believe one can be judicially implied. All debts incurred during marriage are not necessarily marital debts. Consideration should be given to the nature of the debts based upon the receipt of benefits and the extent of participation. *Inman v. Inman,* Ky.App., 578 S.W.2d 266 (1979).

Generally, household furniture would be considered as marital property, but there is no evidence of probative value here to establish that fact.

The burden of proof rested with the appellant. *Ledford v. Hubbard,* 219 Ky. 9, 292 S.W. 345 (1926). The fact that the appellant refused to answer questions concerning the debts brings this situation within the rule in *Guthrie v. Foster,* 256 Ky. 753, 76 S.W.2d 927 (1934).

Appellee had no knowledge of the debts incurred during the marriage and the appellant refused to testify regarding the debts. In such a situation no presumption can be judicially inferred.

Therefore, the judgment of the trial court is affirmed.

All concur.