**Stefanie GUFFEY, Appellant,**

v.

**Roger GUFFEY, Appellee.**

No. 2009–CA–000932–MR.

Court of Appeals of Kentucky.

Sept. 24, 2010.

Randy J. Blankenship, Erlanger, KY, for appellant.

Karen E. McCracken, Erlanger, KY, for appellee.

Before CAPERTON and COMBS, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

COMBS, Judge:

Stefanie Guffey appeals a decree of dissolution issued by the Boone Family Court. After our review, we affirm in part, reverse in part, and remand for further findings.

Roger (Sam) and Stefanie Guffey married in July 2002. It was Sam's fourth marriage and Stefanie's second. They had one minor child, A.G. Sam worked as a database administrator during the marriage, and at the time of hearing, he was employed by the same company as a project manager. Stefanie was either unemployed or held temporary jobs during the marriage and divorce proceedings. Sam filed a petition for dissolution in October 2007.

Between the filing of the petition and May 2008, the parties filed numerous motions relating to division of property, child support, and visitation with A.G. The court ordered the parties to sell the marital home and ordered Sam to make the payments on its two mortgages until the sale occurred. The house had been owned by Sam prior to the marriage, and its title was held in his name only. Despite the fact that the house was Sam's premarital property, Sam and Stefanie could not agree on a selling price, and the house never went on the market. Instead, Sam ceased making payments on the mortgages and filed for bankruptcy. The mortgage lender foreclosed on the house, and Sam anticipates a deficiency judgment on the

mortgages. On May 19, 2008, the trial court set the final pre-trial hearing for June 23, 2008.

On May 27, 2008, Stefanie received notice of Sam's bankruptcy filing. She then asked the court to stay the proceedings and to issue an order for Sam to show cause as to why his failure to pay the mortgages was not contempt. The record indicates that the parties appeared in court on June 30, 2008, and the court reserved ruling on Stefanie's motion to show cause and her motion to continue the proceedings.

On January 13, 2009, Sam's bankruptcy petition was dismissed. He filed a motion to set a trial date on January 16, 2009. On March 4, the court set a final hearing for April 23, 2009. Approximately four weeks prior to the hearing, on March 23, the court granted the motion of Stefanie's counsel to withdraw from the case. Stefanie testified that she contacted the judge's office and Sam's counsel to ask that the hearing set for April 23 be continued. However, Sam's counsel did not consent to the continuance, and the trial judge did not grant Stefanie's request for a continuance. Stefanie represented herself at the hearing. The court entered its findings and decree of dissolution on May 4, 2009. Stefanie filed this appeal.

■ Stefanie's first argument is that the family court abused its discretion when it denied her a continuance of the final hearing. We disagree.

The court permitted Stefanie's counsel to withdraw four weeks before the hearing. (The record does not indicate why Stefanie's counsel withdrew.) Stefanie testified that the weekend before the hearing, she called the court's office to ask that the hearing be postponed. The staff advised

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

her to contact Sam's counsel. Sam's counsel was unwilling to agree to continue the hearing. Stefanie next attempted to request a continuance during the hearing. Stating that the court was not aware of any previous request for a continuance, the judge denied a continuance during the course of the hearing. Stefanie now claims that she was prejudiced by the court's denial of her request to postpone the hearing.

■ With respect to the denial of a continuance, our standard of review is whether the court abused its discretion. *Stallard v. Witherspoon,* 306 S.W.2d 299, 300 (Ky.1957). The court's discretion has been described as "a liberty or privilege allowed to a judge, within the confines of right and justice, to decide and act in accordance with what is fair, equitable, and wholesome as determined by the peculiar circumstances of the case[.]" *City of Louisville v. Allen,* 385 S.W.2d 179, 182 (Ky.1964) (overruled on other grounds by *Nolan v. Spears,* 432 S.W.2d 425 (Ky. 1968)) (*quoting In re Welisch,* 18 Ariz. 517, 163 P. 264, 265 (1917)).

■ Our Supreme Court has set forth various factors for us to consider when reviewing the denial of a continuance. *Snodgrass v. Commonwealth,* 814 S.W.2d 579, 581 (Ky.1991) (overruled on other grounds by *Lawson v. Commonwealth,* 53 S.W.3d 534 (Ky.2001)). At the threshold, the Court first admonishes that "[w]hether a continuance is appropriate in a particular case depends upon the unique facts and circumstances of that case." *Id.* (*quoting Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)). The factors are:

1) length of delay;

2) previous continuances;

3) inconveniences to litigants, witnesses, counsel, and the court;

4) whether the delay is purposeful or is caused by the accused;

5) availability of other competent counsel;

6) complexity of the case; and

7) whether denying the continuance will lead to identifiable prejudice

*Id.*

Because *Snodgrass* is a criminal case, the question arises as to whether we may apply its factors to a civil case. Our court has dealt with this issue and has reached inconsistent conclusions when choosing whether or not to apply *Snodgrass.* These opinions have all been unpublished, and the Supreme Court of Kentucky has remained silent as to the distinction.

In cases where we have declined to apply the *Snodgrass* factors to a civil case, the reasoning turned on the fact that *Snodgrass* was based on protecting a defendant's right to counsel. In civil cases, *Snodgrass* could only apply in the rare event that a party to a civil case might face potential imprisonment. *See Cissell v. Cissell,* 2008 WL 1757550 (Ky.App. Apr. 18, 2008); *Snardon v. Snardon,* 2009 WL 2059094 (Ky.App. Jul. 17, 2009); *Cooper v. Cooper,* 2010 WL 1328656 (Ky.App. Apr. 2, 2010).

Our court has also rendered opinions in which it has opted to apply the *Snodgrass* criteria in a civil context. *See Jones v. Fenley,* 2005 WL 3006073 (Ky.App. Nov. 10, 2005); *Wooldridge v. Wooldridge,* 2008 WL 820923 (Ky.App. Mar. 28, 2008); *Martin v. Weaver,* 2009 WL 3321245 (Ky.App. Oct. 16, 2009). Particularly persuasive is the reasoning set forth in a footnote authored by Judge Wine:

While a civil case may require a different application and analysis of the *Snodgrass* factors, we conclude that the factors themselves are relevant in the trial court's exercise of its discretion in con-

sidering a motion for a continuance. . . . [W]hile our review of the trial court's discretionary decisions is deferential, the trial court must have some legal framework in which to exercise its discretion. Otherwise, this Court could not provide any meaningful appellate review. The *Snodgrass* factors are not expressly conditioned on the existence of a right to counsel. Rather, they merely set out a framework in which a trial court may exercise its discretion to grant a continuance. Furthermore, the *Snodgrass* factors are similar to the factors set out in *Ward v. Houseman* [sic], which also addresses a matter involving an exercise of discretion. Hence, we conclude that the *Snodgrass* factors apply to civil litigation regarding continuances.

*Martin, supra* at n. 3.

*Ward v. Housman,* 809 S.W.2d 717 (Ky. App.1991), provides six factors for trial courts to consider upon a motion for an involuntary dismissal of a civil suit based on failure to comply with an order. They are:

1) the extent of the party's personal responsibility;

2) the history of dilatoriness;

3) whether the attorney's conduct was willful and in bad faith;

4) meritoriousness of the claim;

5) prejudice to the other party, and

6) alternative sanctions.

*Id.* at 719. We agree that these factors are quite analogous to the *Snodgrass* criteria. The lists in both cases address the parties' responsibilities for creating the situation, whether bad faith conduct was a factor, past behavior, the possibility of prejudice, and alternative solutions.

Furthermore, our Supreme Court has recently refined *Ward* in *Jaroszewski v. Flege,* 297 S.W.3d 24 (Ky.2009). In *Flege,* the high court emphasized the factors of

*Ward* to be used as a **framework** of analysis encompassing as well "all relevant facts and circumstances." *Id.* at 37. We are persuaded that it is wholly appropriate to apply the *Snodgrass* factors to analyze a civil motion for a continuance while taking into account all the relevant facts and circumstances.

Therefore, applying the *Snodgrass* factors and considering the totality of the circumstances of the case at hand, we do not believe that the family court abused its discretion.

First, a continuance could have resulted in a significant length of delay in a case that had been pending for more than one and one-half years. Sam's attempt to declare bankruptcy had already delayed the proceedings. A continuance would have been inconvenient for the court, Sam, and his counsel. The court's docket had been arranged for the hearing, and a delay and re-appearance would have resulted in extra attorney's fees for Sam. Stefanie had known for four weeks that she needed to retain counsel. Nevertheless, she did not begin her attempt to request a continuance until a few days before the hearing.

Although Stefanie claims that she was prejudiced by the denial of a continuance, the *Snodgrass* factors demand a showing of *identifiable* prejudice. Stefanie has not explained how a later hearing in which she might have had representation would have rendered results different from the hearing at which she acted *pro se.* She mentions an inequitable division of debt (which we address later in this opinion). However, she cannot demonstrate that the division of debt would have been different if she had been represented by counsel, and we cannot conclude that she was prejudiced by the denial of a continuance.

Based on the *Snodgrass* criteria, we conclude that the court did not abuse its dis-

cretion when it declined to grant a continuance. While litigants may perceive the need to act *pro se* as a handicap, in reality a court makes an extra effort to compensate for the lack of representation by affording special courtesy and attention to the *pro se* litigant. And, as we determined from recourse to the *Snodgrass* factors, the court's decision to deny the continuance was fair and equitable under the circumstances.

■ Stefanie next contends that the court erred in its division of marital debt, including the anticipated deficiency judgment resulting from the foreclosure of the marital home. We agree.

■ Although Kentucky Revised Statute[s] (KRS) 403.190 creates a presumption that property acquired during a marriage is marital, no such presumption exists for debt acquired during a marriage. *Bodie v. Bodie,* 590 S.W.2d 895, 896 (Ky.App.1979). When assigning marital debt, trial courts should consider:

> 1) whether the debt was incurred purchasing marital assets; 2) whether it was necessary for maintenance and support of the family; 3) economic circumstances of the parties; 4) extent of participation and receipt of benefits.

*Neidlinger v. Neidlinger,* 52 S.W.3d 513, 523 (Ky.2001) (citations omitted).

In this case, the family court ordered that approximately $4500 of credit card debt and the expected deficiency judgment regarding the marital home would be divided equally between the parties. In its findings, it did not apply any of the *Neidlinger* factors. In light of the disparity between the parties' financial situations (Sam earns approximately 81% of their combined income), we are persuaded that the family court abused its discretion when it divided the marital debts equally.

Stefanie did not have any means of mitigating the foreclosure of the marital home. Sam had been ordered by the court to make payments on the mortgages. His failure to comply with that order resulted in dire economic consequences for which Stefanie was not responsible and which she could not avoid.

Accordingly, we affirm the family court's denial of Stefanie's motion for a continuance but reverse its division of the marital debt. We remand this matter to the family court for additional findings consistent with this opinion.

ALL CONCUR.