RENDERED: OCTOBER 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-0905-ME

DANETTE KIM DIVINE                                        APPELLANT

v.
APPEAL FROM BOYLE CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE DOUGLAS BRUCE PETRIE, JUDGE
ACTION NO. 20-D-00065-001

CAMI GIBSON                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Danette Kim Divine brings this appeal from an Interpersonal

Protective Order entered June 18, 2020, by the Boyle Circuit Court, Family Court

Division. We affirm.

On May 26, 2020, Cami Gibson filed an Interpersonal Protective

Order (IPO) against Divine, who is Gibson's mother. In the petition, Gibson

claimed that Divine was stalking her and that she feared Divine. The family court

conducted an evidentiary hearing and rendered an IPO against Divine on June 18, 2020. This appeal follows.

We begin our review by noting that Gibson failed to file an appellee brief in this case. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) "provides the range of penalties that may be levied against an appellee for failing to file a timely brief." *St. Joseph Catholic Orphan Soc'y v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014). This Court may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." CR 76.12(8)(c). For purposes of this appeal, we accept Divine's statement of facts as set forth in her brief, subject to our independent review of the entire record on appeal.

Upon review of a petition for an IPO for stalking, if the family court concludes a basis for the petition does exist, the court shall conduct an evidentiary hearing. Kentucky Revised Statutes (KRS) 456.040(1)(a). In this case, the court conducted the hearing and made necessary findings of fact. We review the family court's findings of fact under the clearly erroneous standard. *Jones v. Jones*, 617 S.W.3d 418, 423 (Ky. App. 2021); CR 52.01. A finding of fact is clearly erroneous if not supported by substantial evidence of a probative value. *Id.* And,

we review any issues of law *de novo*. *Halloway v. Simmons*, 532 S.W.3d 158, 161 (Ky. App. 2017).

Divine's initial argument is that the family court committed reversible error by denying her motion for continuance at the time of the evidentiary hearing. Divine points out that she was involved in a motor vehicle accident on May 28, 2020, and was unable to testify at the hearing due to certain medications she was taking. Divine argues that she lacked the capacity to meaningfully participate at the hearing and that the family court erred by denying her motion for continuance.

The family court's decision as to whether to grant a continuance "depends upon the unique facts and circumstances" presented in each case. *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991) *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001). The following factors should be considered by the family court:

1) length of delay;

2) previous continuances;

3) inconveniences to litigants, witnesses, counsel, and the court;

4) whether the delay is purposeful or is caused by the accused;

5) availability of other competent counsel;

6) complexity of the case; and

> 7) whether denying the continuance will lead to
> identifiable prejudice[.]

*Guffey v. Guffey*, 323 S.W.3d 369, 371 (Ky. App. 2010) (quoting *Snodgrass*, 814 S.W.2d at 581).  Our standard of review on this issue focuses upon whether the family court abused its discretion.  *Guffey*, 323 S.W.3d at 371.

At the hearing, as noted, Divine sought a continuance based upon her alleged incapacity to testify due to medications she was taking as a result of the motor vehicle accident.[1]  The family court denied the motion for continuance but indicated it would consider Divine's competency to testify when she was called to testify.  However, Divine was not called to testify as a witness at the hearing.  Moreover, the record reveals that while Divine's motor vehicle accident took place on May 28, 2020, the hearing was held three weeks later on June 18, 2020.  Divine also failed to specify what prescribed medications she was taking that resulted in her incapacity.  Upon review of the record, we cannot conclude that the family court abused its discretion by denying Divine's motion for continuance.

Divine next maintains the family court erroneously determined that she stalked Gibson and that Gibson was entitled to an IPO.  Divine argues that the family court incorrectly applied the law as found in KRS 456.060.  In particular, Divine asserts that the family court failed to find that she intentionally committed

---

[1] Due to COVID-19 precautions, the hearing was held remotely and Danette Kim Divine participated by telephone.

two or more acts toward Gibson that would seriously alarm, annoy, or intimidate and cause a reasonable person to suffer mental distress. Additionally, Divine argues that her conduct served a legitimate purpose as she wished to visit her mother, who was Gibson's grandmother and over whom Gibson was appointed guardian.[2] Divine believes that "a desire to see one's own ailing mother and adult child is clearly a legitimate purpose." Divine's Brief at 10. Divine further maintains that the family court's findings of fact are not supported by substantial evidence. Divine maintains there was a lack of sufficient evidence to demonstrate that Gibson was in reasonable fear of injury due to Divine's alleged implicit threats.

Under KRS 456.030(1), a victim of stalking may file a petition for an IPO. After conducting an evidentiary hearing, the family court may render an IPO if it finds by a preponderance of the evidence that stalking has occurred and may occur again. KRS 456.060(1). To be entitled to an IPO based upon stalking, the victim must demonstrate:

> [H]e or she must at a minimum prove by a preponderance of the evidence that, an individual intentionally engaged in two or more acts directed at the victim that seriously alarmed, annoyed, intimidated, or harassed the victim, that served no legitimate purpose, and would have caused a reasonable person to suffer substantial mental distress, and that these acts may occur again. KRS 508.130 and KRS 456.060. Additionally, the individual must prove

---

[2] It appears that Divine's mother suffers from dementia.

that there was an implicit or explicit threat by the perpetrator that put the victim in reasonable fear of sexual contact, physical injury, or death. KRS 508.150.

*Halloway*, 532 S.W.3d at 162.

At the hearing, Gibson testified that Divine was angry because Gibson was appointed guardian for Divine's mother, who is also Gibson's maternal grandmother. Gibson stated that Divine was addicted to illegal drugs and had been wrongfully utilizing her mother's funds to purchase same. Gibson also maintained that Divine was only recently released from jail and came to Gibson's residence agitated. According to Gibson, Divine also texted Gibson wanting to see her mother and had driven by Gibson's house several times. Gibson further testified that Divine had been physically abusive to her in the past and that Gibson was presently fearful of Divine. Gibson also recounted that Divine had shot her husband, Gibson's father, when Gibson was young and living at home. Gibson related a violent pattern of conduct over Divine's adult life and a pattern of threatening behavior by Divine toward Gibson. The family court also took judicial notice of Divine's guilty plea to possession of a firearm by a convicted felon. Based upon our review of the evidence considered by the family court, there existed substantial evidence that Divine intentionally committed at least two acts directed at Gibson that seriously annoyed, alarmed, and harassed Gibson and that would have caused a reasonable person to suffer substantial mental distress. *See*

*Halloway*, 532 S.W.3d at 162. And, substantial evidence was presented that Divine's acts constituted an implicit threat that put Gibson in reasonable fear of physical injury. *See id.* We, thus, conclude that the family court did not commit an error of law and the family court's findings of fact as to Divine's stalking were supported by substantial evidence and thus, not clearly erroneous.

Divine further asserts that the family court improperly considered hearsay testimony. Divine maintains that Gibson made "statements . . . about what other people told her about [Divine's] behavior and statements made by nonparty and non-testifying individuals." Divine's Brief at 10. However, Divine fails to cite this Court to the particular "statements" that allegedly constituted hearsay and fails to cite this Court to the videotape record of the hearing identifying those hearsay statements made by Gibson during her testimony. Moreover, Divine does not indicate in her brief whether or how this issue was preserved for appellate review. CR 76.12(4)(c)(v). We will not search the hearing record in an effort to discover these alleged hearsay statements; it is simply not the function of the Court of Appeals. *See Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 7 (Ky. App. 2018). Thus, we will not consider this argument on appeal. *Am. Founders Bank, Inc. v. Moden Invs., LLC*, 432 S.W.3d 715, 721 (Ky. App. 2014).

In sum, we are of the opinion that the family court did not commit reversible error by issuing the IPO against Divine.

For the foregoing reasons, this appeal is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:         NO BRIEF FOR APPELLEE.

Dawn L. McCauley
Lebanon, Kentucky